STANDARD OIL COMPANY OF TEXAS,
Appellant,

v.

TRANSPORT INSURANCE CO., et al.,
Appellees.

No. 5313.

Court of Civil Appeals of Texas.

El Paso.

April 15, 1959.

Rehearing Denied May 13, 1959.

Kemp, Smith, Brown, Goggin & White, El Paso, for appellant.

Leachman, Gardere, Akin & Porter, Dallas, Henry D. Akin, Dallas, of counsel, for appellees.

ABBOTT, Justice.

This is an appeal from a summary judgment declaring certain rights under policies of insurance. For brevity, Standard Oil Company of Texas shall be referred to as "Standard"; Transport Insurance Company as "Insurance Company"; Transport Company of Texas as "Transport Company"; and Lawrence W. Annis, Jr., as "Annis". The facts leading up to the original suit and this appeal are as follows:

Annis, an employee of the Transport Company, was injured by an explosion at the loading docks of Standard in El Paso, Texas, while a Transport Company truck was being loaded with diesel fuel by Stand-

ard. Annis received benefits under the Workmen's Compensation Act of Texas from his employer's policy, and then brought suit against Standard, alleging various acts of negligence.

Standard requested Transport Company to defend this suit, through the Insurance Company, under its comprehensive general automobile liability policy. The Insurance Company refused to do so, and Standard brought suit against the Insurance Company asking for a declaratory judgment defining the terms of the policy. The Insurance Company answered. Standard moved for a summary judgment, and Insurance Company answered and moved for summary judgment. The trial court heard the motions; pleadings; supporting data and affidavits; pleadings in the suit, Annis v. Standard; the general liability insurance policy issued by Firemen's Fund Indemnity Company to Standard; the automobile liability insurance policy issued by Transport Insurance Company to Transport Company of Texas; and, after hearing arguments by counsel, found:

"* * * there is no controverted issue of fact involved in this cause but purely a question of law as to the application of the respective policy provisions to the undisputed facts; and it further appearing to the Court that the law is against the plaintiff and with the defendant Transport Insurance Company and that plaintiff's motion for summary judgment in its favor should be overruled, and that defendant Transport Insurance Company's motion for summary judgment in its favor should be sustained, and the Court having stated its ruling at the conclusion of said hearing:

"It is therefore Ordered, Adjudged and Decreed by the Court that the motion of Plaintiff Standard Oil Company of Texas for a summary judgment in its favor be and the same is hereby overruled, and that the motion of defendant Transport Insurance

Company for a summary judgment in its favor be and the same is hereby sustained, and that judgment be and is hereby rendered that plaintiff take nothing by its suit against the defendants Transport Insurance Company and Lawrence W. Annis, Jr., and it is hereby Declared that Standard Oil Company of Texas is not an additional insured under the policy of insurance issued by Transport Insurance Company to Transport Company of Texas insofar as the claim asserted by Lawrence W. Annis, Jr., against Standard Oil Company of Texas in said Cause No. 88458 on the docket of this Court, is concerned; that defendant Transport Insurance Company is not obligated to defend said suit No. 88458 or to pay on behalf of Standard Oil Company of Texas any sums which Standard Oil Company of Texas may become legally obligated to pay as damages to said Lawrence W. Annis, Jr., or to pay any investigation or legal expenses incurred in connection with said cause No. 88458, all because of exclusions (f) and (g) of the policy issued by Transport Insurance Company to The Transport Company of Texas; * * *"

From that judgment Standard has perfected its appeal, and presents as error:

"The Trial Court erred in granting Transport Insurance Company's Motion for Summary Judgment, and in holding Standard Oil Company not an additional insured under Transport's policy because of the 'employee exclusion' in said policy, where Standard was a permissive user in loading the truck at the time of the accident, was an additional insured under the policy, and Annis was not an employee of the insured against whom the claim was made (Standard)."

The policy in question was a standard comprehensive, general automobile liability policy as issued in Texas. The language

of the standard policy was changed somewhat in 1955, and has not been interpreted by the courts of Texas concerning the question of the severability of interest clause, and the employee exclusion clause in connection therewith. The precise question in this case is whether the "employee exclusion" in the standardized automobile liability policy prevents a coverage where the claimant is an employee of the named insured, but is not an employee of the additional insured against whom the claim is brought. Please note that the question to be answered is one of coverage, and not liability.

The policy issued to Transport Company by Transport Insurance Company, in part, contains these statements:

"Agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy:

"Insuring Agreements

"I Coverage A—Bodily Injury Liability

To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person and caused by accident.

"Coverage B—Property Damage Liability—Automobile

To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the ownership, maintenance or use of any automobile.

\*   \*   \*   \*   \*   \*

"III Definition of Insured

The unqualified word 'insured' includes the named insured and also includes (1) under coverages A and C, except with respect to the ownership, maintenance or use of automobiles while away from premises owned, rented or controlled by the named insured or the ways immediately adjoining, any executive officer, director or stockholder thereof while acting within the scope of his duties as such, and any organization or proprietor with respect to real estate management for the named insured, and if the named insured is a partnership, the unqualified word 'insured' also includes any partner therein but only with respect to his liability as such, and (2) under coverages A and B, any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission, and any executive officer of the named insured with respect to the use of a non-owned automobile in the business of the named insured. The insurance with respect to any person or organization other than the named insured does not apply under division (2) of this insuring agreement: \*   \*   \*

"(b) to any person or organization, or to any agent or employee thereof, operating an automobile sales agency, repair shop, service station, storage garage or public parking place, with respect to any accident arising out of the operation thereof, but this provision does not apply to a resident of the same household as the named insured, to a partnership in which such resident or the named insured is a partner, or to any partner, agent or employee of such resident or partnership;

"(c) to any employee with respect to injury or to sickness, disease or death

of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of an automobile in the business of such employer;

\* \* \* \* \* \*

"Exclusions

"This policy does not apply: \* \* \*

"(f) under coverage A, to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

"(g) under coverage A, except with respect to liability assumed by the insured under a contract as defined herein, to bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of his employment by the insured, other than a domestic employee whose injury arises out of an automobile covered by this policy and for whose injury benefits in whole or in part are not payable or required to be provided under any workmen's compensation law;

\* \* \* \* \* \*

"8. Severability of Interests   The term 'the insured' is used severally and not collectively, but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability."

Appellee refused to accept liability on the ground that its policy expressly excluded coverage of a claim by an employee of the insured, and on the further ground that the basis of the liability asserted in the petition filed by Annis was not negligence in loading the truck, but only negligence in the condition of the equipment furnished by appellant.

It is basic under the standard automobile liability policies that the provisions cover, not only the named insured, but also anyone operating the vehicle with the named insured's permission. It is also basic under Texas decisions that "loading and unloading" of vehicles is such a permissive use as contemplated in the policy itself. 160 A.L.R. 1259; Panhandle Steel Products Co. v. Fidelity Union Casualty Co., Tex. Civ.App., 23 S.W.2d 799; Panhandle Gravel Co. v. Wilson, Tex.Civ.App., 248 S.W. 2d 779 (N.R.E.). There is no question in the present case that Standard was a permissive user of Transport's vehicle. As such, Standard became an insured under the "omnibus clause" of the Insurance Company's policy to Transport Company. This leaves us with one vital question to be answered. Are the exclusions (f) and (g) such as to exclude coverage to Standard as an insured, where Standard is being sued by an employee of the named insured (Transport Company), but not by an employee of Standard? In this connection the "severability of interests" clause must be considered. Appellee urges that the severability clause is inserted under the heading, "Conditions", and that there is no "severability clause" under the heading of "Exclusions." With this we cannot agree. The whole contract must be considered as it is written, and, in the absence of limiting language, the usual and ordinary meaning must be applied. T. I. M. E. Inc. v. Maryland Casualty Co., Tex. Civ.App., 300 S.W.2d 68.

There is nothing ambiguous in the meaning of "severability." Webster's International Dictionary, Second Edition, defines "severable" as "capable of being severed; capable of being divided into legal independent rights or obligations; said especially of a contract of which the part to be performed by one party consists of distinct items to which the consideration may be proportioned so that the invalidity, failure of performance, or the like, as to one item does not necessarily affect the others."

The opinion from the Fifth Circuit Court of Appeals, particularly American Fidelity & Casualty Co. v. St. Paul-Mercury Indemnity Co., 248 F.2d 509, and other cited cases from the same court, were written without the application of the severability of interest clause. In those cases the court found that the employee exclusion clause prevented protection to an "omnibus insured" from a suit by an employee of the insured. However, other jurisdictions, even without the "severability of interest" clause, have taken the opposite viewpoint. Pullen v. Employers Liability, 230 La. 867, 89 So.2d 373; Maryland Casualty Co. v. New Jersey Manufacturers Ins. Co., 48 N. J.Super. 314, 137 A.2d 577 (Superior Ct. of N. J.). In Pullen v. Employers Liability, supra [230 La. 867, 89 So.2d 377], the Louisiana Supreme Court had laid down the following rule:

"The basis for exclusion is the existence of an employer-employee relationship between the insured and the injured, and the insured must be identified as the employer to be subject to exclusion. In the absence of an employer-employee relationship between the insured and the injured, exclusion does not apply to the insured, and the latter remains under the protective coverage of the policy."

The University of Kansas City Law Review, Volume 24, Page 65, in an article entitled, "Who is the Insured?", applies the same rule to the question.

■■■■ It would seem that the writers of the policy conditions intended, by employing language used in the severability of interest clause in the standard policy forms, to extend, and not limit, the coverage afforded by the previous policies. By severing the interests in the case at bar, Standard is an insured under the "omnibus clause", being sued by an employee of the named insured, but not by an employee of Standard. Un-der the exact terms of the policy, as written, we can reach no other conclusion but that Standard is entitled to the protection of the automobile liability policy carried by the Transport Company, as an insured, under the omnibus clause, and where its interests are severed from those of the named insured. Language of an insurance policy which is susceptible of more than one construction should be interpreted strictly against the insurer, and liberally in favor of the insured. American Employers' Ins. Co. v. Brock, Tex.Civ.App., 215 S.W.2d 370 (rehearing denied). Standard, not being the employer of Annis, was not obligated to Annis under the Workmen's Compensation Law as an exclusion under section (f), nor was Annis an employee of the insured in the course of his employment by insured (Standard) as excluded in section (g) of the present policy. Had the policy writers wanted to exclude an employee of the named insured from this type of coverage, they could have done so with the inclusion of the necessary language; but they did not.

In answering appellees' second counterpoint:

"The trial court correctly held that since the suit brought by Annis against Standard Oil Company of Texas was based upon the negligence of Standard Oil Company of Texas in furnishing defective and dangerous equipment, rather than upon any negligent act or omission in the loading of the truck in question, the policy issued by appellee to The Transport Company of Texas, covering such truck, did not afford Standard Oil Company of Texas any protection against said claim" * * *

we believe it sufficient to state that, from the pleadings and documents in evidence, the accident occurred during the loading of the named insured's truck, by a permissive user and omnibus insured, and, since

this is a question of coverage and not of liability, the counter-point is without merit.

It is our opinion that Standard Oil Company is entitled, as an omnibus insured, to be protected by the automobile liability insurance policy of Transport Insurance Company issued to Transport Company of Texas. Since this is a question of coverage, and not liability, the court is unable at this time to consider the question of liability as requested by appellees.

In accordance with our opinion, we reverse and render the judgment of the trial court.