TRANSPORT INSURANCE CO. V. STANDARD OIL CO. OF TEXAS.

No. A-7389. Decided June 22, 1960.
Rehearing Overruled July 27, 1960.
(337 S.W. 2d Series 284)

**94**

*Leachman, Gardere, Akin & Porter* and *Henry D. Akin*, all of Dallas, for petitioner.

*Kemp, Smith, Brown, Goggin & White* and *William Duncan*, all of El Paso, for respondent.

MR. JUSTICE SMITH delivered the opinion of the Court.

This suit in its inception was one for a declaratory judgment filed by the respondent, Standard Oil Company of Texas, against the petitioner, Transport Insurance Company, and Lawrence W. Annis, Jr. Annis was later dismissed from the suit. For convenience, the petitioner will hereinafter be referred to as "Transport" and the respondent as "Standard." Standard sought a declaration by the court that Transport was obligated to defend a previous suit brought by Annis against Standard. In that prior suit Annis sued Standard for personal injuries alleged to have been sustained because of the negligence of Standard. The accident occurred in April 1957. At that time, Annis was employed as a driver for The Transport Company of Texas, hereinafter referred to as "employer." On April 11, 1957, Annis went upon the premises of Standard with a 1956 Diamond T. tractor, propelling a large four-compartment tank trailer, for the purpose of receiving a load of Diesel fuel. Briefly, it was alleged that Annis drove the truck to the loading rack,

and, while the fourth compartment was being filled with fuel, an explosion was caused or occurred which blew or expanded itself through the opening of the compartment injuring Annis.

At the time of the accident, Transport had in force a comprehensive general automobile policy covering the "employer" as its named assured. Standard alleged in its petition that Transport agreed to "defend any suit and to pay on behalf of the insured all sums which the insured should become legally obligated to pay as damages because of bodily injury arising out of the use of said truck, and agreed that the use of said truck includes the loading and unloading thereof. Further, by said policy, Defendant Insurance Company agreed that any person using said vehicle with permission of The Transport Company of Texas was an insured, and, on the occasion in question, Plaintiff Standard was using said vehicle, by its agents and employees, in loading same with permission of The Transport Company of Texas, so that Plaintiff Standard was an insured within the meaning of the policy and was entitled to its benefits of said policy in defense of the suit brought by Defendant Annis." Transport refused to accept liability on the ground that its policy expressly excluded coverage of a claim by an employee (Annis) of the insured employer.

Standard and Transport each filed a motion for summary judgment based on the petition in the Annis suit, the Transport policy on the truck, and the Firemen's Fund Indemnity policy on Standard. These motions for summary judgment were heard together by the trial court without a jury. By agreement of the parties, the petition in the Annis suit and the two above-mentioned policies were considered by the court in passing on such motions.

Standard's motion for summary judgment presented the contention that the petition and the terms of each of the policies, together with the affidavit of H. S. Armstrong, which was attached to the motion, show that there was no genuine issue as to any material fact and that Standard was entitled to a summary judgment, because:

(1) the loading of the truck belonging to Transport employer in the manner described in Annis' petition constituted a permissive use of said truck by Standard, and that under the terms of Transport's policy, use of an automobile includes the loading and unloading thereof.

(2) Annis was an employee of Transport employer, but was "not an employee of the additional insured Standard Oil Company of Texas," and because, the "Transport Insurance Company policy specifically providing that 'the term insured is used severally and not collectively,' so that the suit by said Annis is not a suit by 'an employee of the insured (Standard Oil) arising out of and in the course of his, employment by the insured (Standard Oil),' and is not an obligation for which the insured (Standard Oil) or any carrier as (its) insurer may be held liable under any workmen's compensation * * * law * * * or under any similar law."

(3) the truck was being loaded and was not being serviced at a service station, and "Standard Oil Company of Texas was not operating a 'service station' in any sense of the term, on the occasion in question," and

(4) Standard had no other insurance against the loss alleged in the suit by Annis, because "the truck in question was nonowned as to it and its policy with Fireman's Fund Insurance Company provides that the coverage of the Fireman's Fund policy would be excess coverage as to nonowned vehicles."

It was for these specifically alleged reasons that Standard claimed that Transport was obligated to defend the Annis suit and was obligated to pay on behalf of Standard all sums which Standard should become legally obligated to pay as damages in the Annis suit to the extent of the limits of liability of said policy.

Transport alleged several grounds for summary judgment. However, the only ground pertinent to our decision is the one that its policy specifically excluded any obligation for which the insured or any carrier as its insurer may be held liable under any workmen's compensation law, and also excluded coverage for bodily injury to any employee of the insured arising out of and in the course of his employment by the insured.

The trial court rendered judgment overruling Standard's motion for summary judgment and sustained Transport's motion. The decretal recitations contained in the judgment are as follows:

"* * * that the motion of Plaintiff Standard * * * for a summary judgment in its favor be and the same is hereby overruled, and that the motion of defendant Transport * * * for a sum-

mary judgment in its favor be and the same is hereby sustained, and that judgment be and is hereby rendered that plaintiff take nothing by its suit against the defendants * * * , and it is hereby *DECLARED* that Standard * * * is not an *additional insured* under the policy of insurance issued by Transport * * * to Transport Company of Texas insofar as the claim asserted by Lawrence W. Annis, Jr., against Standard * * * is concerned; that defendant Transport * * * is not obligated to defend said suit * * * or to pay on behalf of Standard * * * any sums which Standard * * * may become legally obligated to pay as damages to said * * * Annis, * * *, or to pay any investigation or legal expenses incurred in connection with said Cause No. * * * *All because* of exclusions (f) and (g) of the policy issued by Transport * * * to the Transport Company of Texas." [Emphasis ours.]

Obviously, the trial court's action in sustaining Transport's motion for summary judgment was based solely on its interpretation of the exclusionary clauses, supra. Standard's single point on appeal to the Court of Civil Appeals was that the trial court erred in "holding Standard Oil Company not an additional insured under Transport's policy because of the 'employee exclusion' in said policy, where Standard as a permissive user in loading the truck at the time of the accident, was an additional insured under the policy, and Annis was not an employee of the insured against whom the claim was made ]Standard[." Standard in its brief stated that the precise question presented by such point was "whether the 'employee exclusion' in a standardized automobile liability policy prevents a coverage where the claimant is an employee of the *named insured,* but is not an employee of the *additional insured* [Standard] against whom the claim is brought." Standard's position on this question was and is that since Standard was an insured under Transport's policy, and there was no employer-employee relationship between Standard and Annis, the (f) and (g) exclusionary clauses do not apply as to Standard.

The Court of Civil Appeals in its judgment of reversal and rendition for Standard held that Standard, as an "omnibus insured" was entitled to be protected by the automobile liability insurance policy of Transport issued to Transport Company of Texas, and that the exclusion clauses (f) and (g) applied only to an employee of the *insured against whom the claim was made,* and hence did not exclude Standard from coverage of a claim against it by an employee of the named insured. 324 S.W. 2d 331.

98

Transport contends that its policy issued to the Transport Company of Texas (employer of Annis) is plain and unambiguous and admits of but one construction. Transport's position is that there is no coverage if Annis was an employee of any one of the insureds. It bases its contention primarily on the definition of the word "insured,"[1] and exclusion clauses (f)[2] and (g)[3] as contained in the policy. Transport takes the position that there is no coverage since it is admitted that Annis was an employee of Transport Company of Texas.

Standard contends that the "severability of interests" clause[4] contained in Transport's policy, which provides that the term "the insured" is used severally and not collectively, means there are several insureds, and when the policy excludes *an employee* of "the insured," it means *the insured against whom the claim is made*. Standard reasons that Annis made his claim against Standard, and Standard was "the insured" in question, but Annis was not an employee of Standard, therefore, there is coverage. Transport contends that if the position of Standard is sustained such action would in effect amount to a remaking of the contract for the parties and add the words "against whom the claim is made" thereby limiting the unqualified word "insured;" that if in the writing in paragraphs (f) and (g) it had been the intention to eliminate as insureds only thoses employees of the insured against whom the claim was made, it would have been a simple matter to insert limiting language to that effect after the word "insured."

The parties appear to be in agreement in this court that the policy is unambiguous. The Court of Civil Appeals used language in its opinion which seems to indicate that it held with Standard partly at least on the theory that the policy was ambiguous. In

1.—"The unqualified word 'insured' includes the named insured and also includes * * * (2) under coverages A and B, any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission, * * *."

2.—"(f) under coverage A, to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

3.—"(g) under coverage A, except with respect to liability assumed by the insured under a contract as defined herein, to bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of his employment by the insured, other than a domestic employee whose injury arises out of an automobile covered by this policy and for whose injury benefits in whole or in part are not payable or required to be provided under any workmen's compensation law;"

4.—"8. Severability of Interests. The term 'insured' is used severally and not collectively, but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability."

connection with its holding that Standard was entitled to the protection of the automobile liabiliy policy by the Transport Company, the court said "Language of an insurance policy which is susceptible of more than one construction should be interpreted strictly against the insurer, and liberally in favor of the insured." We agree that the language of the policy is unambiguous. Since the language is plain and unambiguous there is no occasion for construction, and the language must be given its plain meaning. The rule of liberal construction in favor of the insured applies only when the contract is ambiguous and susceptible of more than one interpretation.

■ The exact question involved is one of first impression in this jurisdiction. There is a split of authority in other jurisdictions, but the weight of authority is that if the injured party is the employee of any person who is insured under the policy, the employee exclusion is applicable although he may not have been an employee of the person committing the tort. See 50 A.L.R. 2d 99. The cases which support Transport's contention follow the weight of authority and apply the language of the policy as written. See American Fidelity & Casualty Co. v. St. Paul-Mercury Indemnity Co., 5th Circuit, 248 F. 2d 509 (Alabama—1957) and cases therein cited; Travelers Ins. Co. v. Ohio Farmers Indemnity Co., 157 F. Supp. 54, affirmed in 262 F. 2d 132; Webb v. American Fire & Casualty Co., 148 Fla. 714, 5 So. 2d 252; Continental Casualty Co. v. Pierce, 170 Miss. 67, 154 So. 279; Standard Surety & Casualty Co. v. Maryland Casualty Co., 281 App. Div. 446, 119 N.Y.S. 2d 795; Birrenkott v. McManamay, 65 S.D. 581, 276 N.W. 725; Associated Indemnity Corp. v. Wachsmith, 2 Wash. 2d 679, 99 P. 2d 420, 127 A.L.R. 531; Simpson v. American Automobile Ins. Co. et al., Mo. App., 327 S.W. 2d 519, cited in 17 Automobile Cases 2d 1212, Number 19-32 (Missouri) and cases cited.

"The severability of interests" clause contained in the two standardized policies presently involved was added to all standardized policies in 1955. With the exception of the case of American Fidelity, etc., supra, and the Simpson case, supra, the remaining cited case, supra, were decided before the adding of the "severability of interests" clause. However the policies involved in these two cases did not contain a "severability of interests" clause. The addition of the "severability of interests" clause does not indicate that the drafters of the policy form by the addition of such clause intended that the word "insured" means *only* the person claiming coverage. We cannot adopt Standard's theory that by serving the interests in the case at

bar, Standard is an insured under the "omnibus clause" contained in the policy; the basis for Standard's contention being that the "severability of interests" clause warrants the addition after the word "insured" the words "the insured who is asking for a defense," or "the insured against whom the claim is made. The cases cited in support of this theory were cases where the exclusionary clauses contained in the policies were not specific and clear.

■ In the cases cited by Transport, the exclusionary clauses are specific and clear. They permit of but one conclusion. For example, in the Simpson case, supra, the exclusionary clauses are practically identical in language with the exclusionary clauses involved here. The American Automobile Insurance Company made the same contention there as Transport is making here. American contended that its policy in the insuring agreement III defines the unqualified word "insured" to include the name insured and also any person using the automobile with the named insured's permission and that "Exclusion (c) states in plain terms that the policy does not cover injuries to any employer of the insured and since it is admitted that Ogle, when injured, was the employee of the insured, Aero, liability for his injury was clearly excluded from coverage, because Aero is a named insured in the policy."

In rejecting Simpson's contention, the court said: [327 S.W. 2d 528] "In order to adopt the contention of the appellants and the position taken in the authorities cited by appellants we would have to interpolate in the exclusion clause such words as 'against whom liability is sought to be imposed,' or 'against whom an action is brought.' This we cannot do." The court went on to hold that the courts can only enforce agreements as written. "Courts are without authority to rewrite contracts, even insurance contracts."

The court in its opinion observed that "Simpson becomes an additional insured solely by reason of the insuring agreement III defining who is included in the unqualified word "insured." He was not a named insured and it seems clear that he should have no more protection under the policy than the primary insureds. The purpose of Exclusion Clause (c) was to withdraw from coverage certain injuries, namely, "bodily injury * * * any employee of the insured while engaged in the employment * * * of the insured." The injury forming the basis of this litigation was Ogle's injury while in the employ of the insured, Aero."

Standard cites a number of authorities construing exclusionary clauses against the insurer. In these cases it is held that an employee of an insured other than the insured who seeks protection is not within the language of the exclusionary clause. Standard relies very heavily on these cases. The cases are cited in a Law Rview Article by Risjord and Austin published in 1955. See 24 University of Kansas City Law Review 65. Recently, the same authors have written what they denominate as an "up-to-date" version of the Article written in 1955.

These cases were ably distinguished in the case of American Fidelity & Casualty Co. v. St. Paul-Mercury Indemnity Co., supra, and the Simpson case, supra. In the former case, the court, speaking through the Honorable John R. Brown, Judge of the United States Court of Appeals, 5th Circuit, emphasized that insurance policies, as any other contract, are to be interpreted to effectuate the intention of the parties as expressed by the words used. However, the Court, as we do, recognized that there was a sharp division in the authorities indicating arguments supporting both sides. For an analysis of these cases, see Footnote 9 of Judge Brown's opinion.*

We have concluded that the "severability of interests" clause in the present policy cannot alter the holdings in the cases relied upon by Transport. It is uncontroverted that the workmen's compensation insurance carrier of Transport Company of Texas was held liable under the Texas Workmen's Compensation Act for the injuries sustained by Annis. It follows that Standard's theory by adding the words "against whom the claim is made" coverage was not excluded must be rejected, even though the policy contains the "severability of interests" clause, supra. Exclusion (g) of the policy issued by Transport to Transport Company of Texas clearly says that the policy does not cover "bodily injury to * * * any employee of the insured." Exclusion (f) of the policy, in equally as plain language, says that the policy does not apply under bodily injury liability to "any obligation for which the insured or an carrier as his insurer may be held liable under any workmen's compensation * * * law."

In the policy involved here there is no ambiguity in the exclusion clauses and no inconsistency is shown between the exclusionary clauses and the "severability of interests" clause in the policy. The clear and unambiguous terms of the policy leads us to hold that no employee of the named insured engaged in

---

*[248 Fed. 2d 509, 514].

the named insured's business can recover on the named insured's policy against anyone included as an additional insured. See Travelers Insurance Company v. Ohio Farmers Indemnity Company, supra. This is in accord with the holding in Birrenkott v. McManamay, supra, and the case of Lumber Mutual Casualty Insurance Company of New York v. Stukes, 4 Cir., 164 F. 2d 571, 573. In the latter case, Judge John J. Parker, speaking for the court said: "There can be no question that the purpose [exclusion clause] was to apply the exclusion to employees of an additional insured as well as to those of the named insured * * * ."

In summation, since Annis was an employee of Transport Company of Texas, an insured under Transport's policy, and was injured in the course of such employment, and since exclusions (f) and (g) in plain and unequivocal language provide that the policy affords no coverage against the claim of an employee of the insured, and since the words "against whom the claim was made" are not to be added to the contract, the judgment of the trial court in favor of Transport should be affirmed.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.

Opinion delivered June 22, 1960.

MR. JUSTICE WALKER, joined by JUSTICES GRIFFIN and HAMILTON, dissenting.

I respectfully dissent. None of the cases cited in the majority opinion involves a policy containing the severability of interests clause, and there seems to be only one prior decision which is squarely in point. The contract in General Aviation Supply Co. v. Insurance Co. of North America, 181 F. Supp. 380, did include such a provision, and it was held that the employee exclusion had no application to a claim asserted by an employee of the named insured against an additional or omnibus insured. After distinguishing Simpson v. American Automobile Insurance Co., Mo. App., 327 S.W. 2d 519, by pointing out that the policy in that case did not contain the severability clause, the court said:

"The logical theory for the employee exclusion is to prevent employees of the tort feasor from suing his (sic) employer for injuries received thru his employer's negligence. A reason for this is that employees are usually covered by workmen's com-

pensation and can recover from the employer, with or without negligence. When negligence is committed by other than his employer, the logic for the exclusion disappears. If the insurer wishes to further exclude its liability, it could clearly so state in its contract and its failure to do so should be strictly construed. Especially is this true when the policy contains a severability clause, for there it can be implied that the insurer is actually recognizing a separate obligation to others, distinct and apart from the obligation it owes to the named insured. * * * ."

The majority also give considerable weight to American Fidelity & Casualty Co. v. St. Paul-Mercury Indemnity Co., 5th Cir., 248 F. 2d 509, but the court there recognized that the severability clause may have been added to the policy for the purpose of giving each person insured thereby the protection which was not afforded by the earlier policies as construed by the decisions on which the majority now rely. It stated that no reason could be seen why an employee of the named insured was not an "employee of the insured" within the meaning of the exclusion in the policy there under consideration, and then went on to say:

"If as suggested by St. Paul, this has now all been changed by the 1955 addition of the 'Severability Clause,' * * * it merely re-enforces our conviction that meeting the insurance needs of the parties and indeed, at times, overcoming the effect of adverse or unsound court decisions, presents facts 'to be assayed by underwriters whether they sit at Lloyd's Coffee House' * * * or elsewhere."

What then does the severability clause mean? Why was it added to the policy? Unless these questions are considered and decided, I fail to see how it can be said with any assurance that the stipulation "cannot alter the holdings in the cases relied upon by Transport." According to its provisions, "the term 'the insured' is used severally and not collectively, but the inclusion therein of more than one insured shall not operate to increase the limits of the company's liability." This states quite plainly that although the unqualified word "insured" includes the named insured and may also include one or more additional insured, a mention of "*the* insured" is not to be taken as a reference to all such insured persons. Instead the term is used throughout the policy to refer to a particular insured as a separate and distinct individual, apart from any and every other person who may be entitled to protection thereunder. In other words, when a claim is asserted against one who is an "insured"

under the policy, the latter is *"the* insured" for the purpose of determining the company's obligations with respect to such claim. His rights are not to be affected or impaired by the fact that another person may also be an "insured," except that the company's liability cannot exceed the limits stipulated in the policy.

Even prior to 1955 there was respectable authority for the proposition that the rights of each insured under the policy are to be determined as if there were no other person protected thereby, and it seems clear to me that the severability clause was added for the purpose of removing any doubt as to the intention of the parties in that respect. Under the facts of the present case, "the insured" is respondent. Annis was not employed by respondent, and his suit does not involve an obligation for which respondent or any carrier as its insurer may be held liable under the workmen's compensation law or any similar law. In my opinion the claim does not fall within the policy exclusions, and I would affirm the judgment of the Court of Civil Appeals. 324 S.W. 2d 331.

Opinion delivered June 22, 1960.

Rehearing overruled July 27, 1960.