The HANOVER INSURANCE COMPANY, MASSACHUSETTS BONDING DEPARTMENT, a New York corporation, Plaintiff,

v.

The TRAVELERS INDEMNITY COMPANY, a Connecticut corporation, Defendant.

No. 61 C 313(1).

United States District Court
E. D. Missouri, E. D.

June 20, 1962.

McDonald, Barnard, Wright & Timm, Herbert E. Barnard, St. Louis, Mo., for plaintiff.

Evans & Dixon, St. Louis, Mo., for defendant.

HARPER, Chief Judge.

Plaintiff Hanover Insurance Company, Massachusetts Bonding Department (hereinafter simply Massachusetts), has properly alleged complete diversity of citizenship and an amount in controversy exceeding $10,000 exclusive of interest and costs. Jurisdiction, therefore, attaches under 28 U.S.C.A. § 1332. Plaintiff's prayer, while not so denominated, is in effect a request for declaratory judgment under 28 U.S.C.A. § 2201, delineating the rights and duties of plaintiff and defendant under their respective policies of insurance.

The matter now before the court is disposition of motions for summary judgment filed by both parties pursuant to Rule 56, Federal Rules of Civil Procedure, and of defendant's alternative motion to dismiss.

An "agreed statement of facts" has been entered by both parties, and it is in effect stipulated that there are no issues as to any material facts. The solution of this matter is, therefore, to be determined solely upon a decision as to which party should prevail as a matter of law.

The basic facts agreed upon are as follows: On and prior to December 23, 1959, plaintiff Massachusetts had in force a comprehensive general liability policy, insuring Glaser Products Corporation and Master Chef Product, Inc. (hereinafter simply Glaser); and on and prior to December 23, 1959, the Travelers Indemnity Company (hereinafter simply Travelers) had in force a comprehensive automobile policy insuring Ray Mahecek, d/b/a Freight Express Company (hereinafter simply Freight Express). On December 23rd, Robert Fach, an employee of Freight Express, operated one of its trucks to Glaser's premises to receive a load of freight. He backed the truck up to a loading door, a conveyor mechanism was lowered and moved into the truck, boxes were sent in on it, and he stacked them. After completion of loading, Fach assisted Glaser's employees in removing the conveyor from the truck by pushing it inside the building and out of the truck. In so doing the legs of the conveyor collapsed, severely injuring Fach's hands. Alleging the negligence of

Glaser and its employees in several particulars, Fach sued in the state court, recovering a verdict of $21,000.00. Massachusetts unable to get Travelers to defend, did so itself and expended $21,500 in satisfaction of the judgment, $82.95 in court costs, and $1,527.25 in legal fees.

Massachusetts now sues Travelers seeking an adjudication that Travelers should have defended and should pay part or all of the money expended by Massachusetts. Plaintiff's theory is that Travelers' policy covered Glaser as an additional or omnibus insured, in that Fach's injuries arose out of the use of an insured truck in a loading operation. Defendant urges that its policy excludes liability for injury to Fach under the "employee exclusion" clause, submitting that the exclusion (of coverage) applies to an employee of the named insured whether the suit is brought by a named or an omnibus insured.

Some relevant portions of the Travelers' policy, about which this controversy revolves, are set out below:

> "III. Definition of Insured. The unqualified word 'insured' includes the named insured and also includes any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission * * *." (This is a typical "omnibus clause.")

> "7. (c) Use of an automobile includes the loading and unloading thereof.

> "This policy does not apply: (b) Under coverage A, to bodily injury or to sickness, disease or death of any employee of the insured arising out of and in the course of (1) domestic employment by the insured, if benefits therefor are in whole or in part either payable or required to be provided under any Workmen's Compensation Law, or (2) other employment by the insured." (This is a type of employee exclusion clause.)

> "The term 'the insured' is used severally and not collectively, but the inclusion herein of more than one insured shall not operate to increase the limits of the Company's liability." (This is a "severability of interest" clause.)

Only recent cases are in point on the matter of the effect of a severability of interest clause, as that clause did not make its appearance until 1955. General Aviation Supply Co. v. Insurance Co. of North America, D.C., 181 F.Supp. 380 (a case involving Ohio law), was an action for declaratory judgment to determine the insurer's liability under an aircraft policy. General Aviation and its employee Genne were sued in the state court by Babis, employee of Cincinnati Air Activities, the latter company being covered by an aircraft policy with an omnibus clause under which anyone operating their airplane with permission was "an insured." Genne qualified under this. The policy contained an exclusion regarding employees of the insured and a severability of interest clause—all similar to those involved in the instant litigation. Judge Weber noted that there was a division of authority on the proper construction of the "employee exclusion" clause, one line holding that the employee of an insured other than the one seeking protection is not within the language of the exclusion, the other line holding that if the injured party is the employee of any person "insured" under the policy definitions, the exclusion is applicable. Under the first group of cases Babis, employed by the named insured, *not* seeking protection, would not be excluded, under the second group he would be excluded. After posing the question of the effect of the severability of interest clauses on these decisions, he answers the question thusly, apparently relying on Standard Oil Company of Texas v. Transport Insurance Co., Tex.Civ.App., 324 S.W.2d 331, l. c. 384:

> "It is this Court's conclusion that where a policy of insurance contains a 'severability of interest clause,'

such as found here, the *exclusion* within the policy as to employees of the insured *should be limited and confined to the employees of the employer who commits the tort or seeks protection."* (Emphasis added.)

Thus, the effect of Judge Weber's holding was that while Cincinnati Aircraft, as named insured, would not be covered by the policy in a suit against it by Babis, its employee, the General Aviation Company, as omnibus insured, is so covered.

Application of that same rule in the instant case would mean that Glaser as omnibus insured under Freight Express' policy in Travelers *would* be covered in a suit by the named insured's employee, Fach, and Travelers would at least have to share Glaser's liability with plaintiff, Massachusetts Bonding. But, as hereafter explained, the court here does not feel bound by Judge Weber's opinion or the Eighth Circuit's affirmance thereof.

In the General Aviation case, supra, Judge Weber takes up a second question, that is, "whether or not General Aviation falls within the definitions and exclusions as to manufacturers of aircraft, engines, or aviation accessories." He held that General Aviation did not fall within that exclusion.

On appeal to the Eighth Circuit Court of Appeals, 283 F.2d 590, the decision was affirmed, but without any mention of the omnibus, exclusion or severability of interest clauses. The court dealt solely with the propriety of the district court decision regarding exclusion for an "aviation sales or service or repair organization." The Eighth Circuit, then, has not expressed itself clearly, if at all, on the effect of the "severability of interest" provision upon the employee exclusion clause.

A recent decision on this matter is Kelly v. State Automobile Insurance Association, 6 Cir., 288 F.2d 734, a case very similar on its facts to the one at bar. There the Underwood Transportation Company owned a truck insured by the State Automobile people. Pothast, Underwood's employee, drove the truck to deliver a crane to one Nolan. In unloading the crane, an employee of Nolan injured Pothast by negligently using another crane in the operation. Pothast sued Nolan, whose insurer settled. Underwood's policy had omnibus, employee exclusion and severability of interest clauses very similar to those involved here. The plaintiff in the instant case argues that the Kelly case is distinguishable because the word "assured" is used instead of "insured"—the court does not agree. Ordinarily the two words are synonymous, and plaintiff has brought no circumstances to our attention which would justify the conclusion that this is other than an ordinary situation. Further, "assured" is used through the State Automobile policy, so the same analysis of the relationship of the various clauses applies as where the word "insured" is used instead.

The court in the Kelly case held that there was no coverage afforded to the additional insured, Nolan. It acknowledged the decision by Judge Weber in the General Aviation Supply case, supra, but noted that it was based on a case, Standard Oil Company of Texas, supra, since reversed at 161 Tex. 93, 337 S.W.2d 284. It is important that the Sixth Circuit case, Kelly, supra, is much closer on its facts than Judge Weber's decision. In the Sixth Circuit case the injury was caused by an instrumentality other than that which was insured, that is, the truck was insured but the employee was injured by the crane used in unloading. In the Missouri district court case the employee was injured by the very instrumentality that was insured, that is, the airplane, and that is all the more reason for affording coverage in that case. But, in the instant case, the employee was injured by the collapse of a conveyor system, and the truck, not the conveyor system, was the insured instrumentality. Thus, the Sixth Circuit case is actually more in point than Judge Weber's opinion and the Eighth Circuit affirmance thereof.

In view of the fact that there are no Missouri appellate court decisions on the

severability of interest clause, and the Eighth Circuit has not rendered a decisive opinion on the relationship of the employee exclusion and severability of interest clauses, and in the absence of Supreme Court guidance, we are constrained to follow the only circuit speaking on the problem directly before this court. Therefore, the court chooses to follow the Kelly case, supra. Under this ruling the employee exclusion clause would apply to Fach and the Travelers' policy would not cover the additional insured Glaser's liability to Fach.

After the statement of this conclusion, the other contentions of plaintiff are not of further consequence. Accordingly, plaintiff's motion for summary judgment will be overruled and defendant's motion for summary judgment will be granted.