MARYLAND CASUALTY COMPANY

v.

AMERICAN FIDELITY AND CASU-
ALTY COMPANY.

Civ. A. No. 3870.

United States District Court
E. D. Tennessee, S. D.

May 21, 1963.

Spears, Moore, Rebman & Williams, Chattanooga, Tenn., for plaintiff.

Strang, Fletcher, Carriger & Walker, Chattanooga, Tenn., for defendant.

FRANK W. WILSON, District Judge.

This case is before the Court upon cross motions for summary judgment.

The sole issue presented is with respect to the interpretation of an automobile insurance policy. More specifically, the issue presented is whether the subject automobile liability insurance policy affords coverage under the omnibus clause to one who negligently inflicts injury upon an employee of the named insured.

The following facts are not in dispute: Tisdale Transfer & Storage Company was the named insured in the subject automobile liability insurance policy issued by the defendant, American Fidelity & Casualty Company, hereinafter sometimes referred to as "American." Upon January 8, 1960 an employee of Tisdale Transfer & Storage Company, Raymond Vailles, while acting in the scope of his employment, drove his employer's truck loaded with cotton bales to the Russell Manufacturing Company, where it was unloaded. In the process of unloading, Vailles was injured when a cotton bale fell upon him. The accident was caused by the negligence of one of Russell's employees. Vailles sued and recovered a judgment from Russell. At the time of this negligence action, Russell called upon American to provide a defense and otherwise extend the benefits of its automobile liability policy issued to Tisdale as the named insured. American denied coverage. Thereupon Maryland Casualty Company, the plaintiff herein, as the public liability insuror of Russell, proceeded to provide a defense and pay the resulting judgment and costs. By way of subrogation to the rights of Russell, Maryland now sues the defendant, American, seeking to enforce the rights of Russell under the subject automobile liability policy.

The subject policy contains the usual insuring clauses for an automobile liability insurance policy. No issue is raised with respect to the unloading operation being a use of the insured vehicle within the provisions of the policy. In addition to the insuring clauses, the specific clauses that are pertinent to the issues here raised are the omnibus clause, certain of the exclusions, and the severability of interests clause, which are as follows:

"III. Definition of Insured: (a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either. The insurance with respect to any person or organization other than the named insured or such spouse does not apply:

\* \* \* \* \* \*

## "EXCLUSIONS

"This policy does not apply:

\* \* \* \* \* \*

"(d) under coverage A, to bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of (1) domestic employment by the insured, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) other employment by the insured;

"(e) under coverage A, to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law; \* \* \*

## "CONDITIONS

\* \* \* \* \* \*

"4. Severability of Interests—Coverages A and B: The term 'the insured' is used severally and not collectively, but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability."

The issue here presented is one that has been ruled upon numerous times in the interpretation of identical or near identical policies, with divergent results.[1] But for these numerous cases and these divergent results the solution of the problem here presented would not appear too difficult. Divergent authority begets divergent authority. In the welter of divergent authority, resort to the language of the policy being construed is more often than not disregarded and use of the usual rule of construing ambiguous language against the carrier issuing the policy is generally ignored, with the battle being fought over citations to previous authorities.

The problem is further complicated and confusion in reasoning is further caused by the fact that these cases usually arise in lawsuits between two insurance carriers, as in the instant case, rather than in a lawsuit in which an injured party is seeking to collect a judgment from an otherwise financially irresponsible tortfeasor, or in which an otherwise uninsured party seeks protection of the policy. Although the policy is the same and the language in the policy is the same irrespective of the parties involved, the rules of construction that occur as significant are not always the same.

■■■■ Insurance is a contract. When one buys insurance he buys a contract. He buys nothing but what the contract provides. He gets whatever the contract provides that he is to get. Preconceived ideas of what insurance ought or ought not to cover are of no value in construing clear language in the policy correctly. In event the language is unclear, the ambiguity should be construed against the insuror who wrote and issued the policy and in favor of the person claiming the benefits of the policy.

With these principles in mind and turning to the language of the policy involved, it is apparent that Russell, in whose stead the plaintiff sues, would clearly qualify as an "insured" under the omnibus clause. The term "insured" is expressly defined as including (1) the named insured, (2) the resident spouse of the named insured, and (3) anyone using or legally responsible for the use of the insured vehicle where such use is with the permission of the named insured or the resident spouse.

1. For cases holding there was coverage, see: Pleasant Valley Lima Bean Growers and Warehouse Ass'n v. Cal-Farm Ins. Co., 142 Cal.App.2d 126, 298 P.2d 109 (1956); Leonard v. Union Carbide Corp., 180 F.Supp. 549 (U.S.D.C., S.D., Indiana I.D.1960); Pullen v. Employers Liab. Assur. Corp., 230 La. 867, 89 So.2d 373 (1956); Spurlock v. Boyce-Harvey Machinery, Inc., 90 So.2d 417 (La.App., 1956); Stewart v. Liberty Mut. Ins. Co., 256 F.2d 444 (C.A.5 Cir., 1958); Travelers Ins. Co. v. American Fid. & Cas. Co., 164 F.Supp. 393 (U.S.D.C., D.Minnesota, 3 Div., 1958); General Aviation Supply Co. v. Insurance Co. of N. A., 181 F.Supp. 380 (U.S.D.C.E.D.Missouri E.D.1960); Maryland Cas. Co. v. New Jersey Manufacturers Cas. Ins. Co., 28 N.J. 17, 145 A.2d 15 (1958); Greaves v. Public Service Mut. Ins. Co., 5 N.Y. 2d 120, 181 N.Y.S.2d 489, 155 N.E.2d 390 (1959); City of Albany v. Standard Acc. Ins. Co., 7 N.Y.2d 422, 198 N.Y.S.2d 303, 165 N.E.2d 869 (1960); Travelers Ins. Co. v. Buckeye Union Cas. Co., 160 N.E.2d 874 (Ohio C.P., 1959); Employ-

ers Liab. Assur. Corp. v. Liberty Mut. Ins. Co., 187 N.E.2d 142 (Ohio C.P. 1959); Cimarron Ins. Co. v. Travelers Ins. Co., 224 Or. 57, 355 P.2d 742 (1960); Canadian Ind. Co. v. State Auto. Ins. Ass'n., 174 F.Supp. 71 (U.S.D.C.D.Oregon 1959).

For cases holding there was no coverage, see: American Fidelity & Casualty Co. v. St. Paul-Mercury Ind. Co., 248 F.2d 509 (C.A.5 Cir., 1957), reversing St. Paul-Mercury Ind. Co. v. American Fidelity and Casualty Co., 146 F.Supp. 39 (U.S.D.C.M.D.Alabama N.D.1956); Fireman's Fund Ind. Co. v. Mosaic Tile Co., 101 Ga.App. 701, 115 S.E.2d 263 (1960); Travelers Ins. Co. v. Ohio Farmers Ind. Co., 262 F.2d 132 (C.A.6 Cir., 1958), affirming 157 F.Supp. 54 (U.S.D.C.W.D.Kentucky L.D.1957); Simpson v. American Auto. Ins. Co., 327 S.W.2d 519 (Mo.App.St.Louis 1959); Transport Ins. Co. v. Standard Oil Co. of Texas, 161 Tex. 93, 337 S.W.2d 284 (1959), reversing Standard Oil Co. of Texas v. Transport Ins. Co., 324 S.W.2d 331 (Tex.Civ.App., 1959).

It being conceded that the accident occurred in the course of unloading the truck, and it further being undisputed that Russell would qualify as an additional insured under the omnibus clause, the problem resolves itself into determining whether the defendant insurance company which issued the policy is relieved of liability by reason of the exclusions listed in the policy, and specifically exclusions (d) and (e). The pertinent language of these exclusions, reduced to its essence, is as follows:

"This policy does not apply:

"(d) * * * to * * * injury * * * of any employee of the insured * * *

"(e) * * * to any obligation for which the insured * * * may be held liable under any workmen's compensation * * * law".

Under the above language, who is "the insured"? The plaintiff herein contends that "the insured" means Russell who is claiming protection as an additional insured and that the injured man was not his employee, nor would or could he have any workmen's compensation liability to the injured man, so that the exclusion does not relieve the defendant of its obligations under the policy. Upon the other hand, the defendant insurance carrier contends that "the insured" means either the "named insured" or "any insured," either of which interpretations would exclude liability for injury to an employee of Tisdale, the named insured.

Can it be stated that it is clear and unambiguous that an employee of "the insured" means an employee of the "named insured" only? If so, why did the policy not use the phrase "named insured" if such is intended, as it does elsewhere in the policy when it wishes to identify the named insured? Why does not "the insured" when used elsewhere in the policy mean only the "named in-

sured"? No one has ever questioned, and no Court has ever had any difficulty in determining, who was meant when, in the coverage paragraphs of the policy, it is stated that the insurance company will "pay on behalf of *the* insured" his legal liability for personal injury or property damage not to exceed the policy limits. Likewise, the obligation to defend extends to "the insured." Would anyone contend that "the insured" in the latter cited clauses of the policy means only the "named insured"? On the other hand, is it not apparent that "the insured" as used in the insuring clauses and in the clause reciting the carrier's obligation to defend means either "any insured" or "the particular insured claiming the benefits of the policy in a given situation."

But does "the insured" mean either "any insured" or "an insured"? If so, why did the policy not say "any insured" or "an insured," either of which would have clearly excluded the liability if *any* insured's employee were injured or if *any* insured had a workmen's compensation liability to the injured party?

Upon the other hand, can it be said that it is clear that "the insured" refers only to the person claiming coverage in a particular accident? If so, why did the policy not say "the insured claiming coverage" or similar language which would have clearly extended coverage where the injured person was an employee of the named insured or anyone other than the insured claiming coverage?[2]

From the foregoing, is it not clear that the only thing that can be said with certainty is that an ambiguity exists with regard to the meaning of the phrase "the insured" as used in exclusions (d) and (e)? This conclusion would seem inescapable from the mere fact that there are so many conflicting opinions in

2. It appears that a further attempt to clarify the meaning of the policy in this respect has been made, with the adoption in the 1956 and 1958 standard family automobile policies and the 1959 special and package automobile policies of the provision that

"The insurance * * * applies separately to each insured against whom claim is made or suit is brought * * *"

the cases themselves as to what this policy language means. As stated in 29 Am.Jur., Sec. 260 "Insurance":

"Where the language to be construed has, by judicial construction, acquired a clear and definite meaning, the rule of construction in favor of the insured does not apply, since there is no ambiguity in such case. Conversely, the rule does apply where the existence of an ambiguity is shown by the fact that various courts in construing the language in question have arrived at conflicting conclusions as to the correct meaning, intent and effect thereof."

The meaning of the phrase "the insured" being ambiguous and therefore the rule being applied that the policy should be construed against the insuror who issued the policy and in favor of the person claiming benefits under the policy, is it not clear that the phrase "the insured" as used in the exclusions refers to "the insured claiming coverage"? Thus one otherwise entitled to benefits as an additional insured would not be excluded from coverage under exclusions (d) and (e) unless the injured party was *his* employee or unless *he* had workmen's compensation liability to the injured party.

This view would seem to be greatly strengthened by the "Severability of Interests" clause in the policy when it provides that "the term 'the insured' is used severally and not collectively". This definition itself has the misfortune of being somewhat ambiguous, if not incomprehensible. The result is that there is equal divergency in the opinions as to the effect, if any, of the "Severability of Interests" clause upon the problem here presented.[3] The plaintiff contends that the "Severability of Interests" clause means that the phrase "the insured" should be construed as referring *severally* to "the insured claiming coverage" and not *collectively* to any insured. It is contended that this language was added to the policies in 1955 for the very purpose of so overcoming the conflict in the cases as to the meaning of "the insured" created in the cases prior to that time. Upon the other hand, other cases, generally without saying what the "Severability of Interests" clause does mean, hold that in any event it does not change their views but that "the insured" means the "named insured" or "any insured" or "an insured".[4] Once again, is it not clear that the "Severability of Interests" clause here *either* clearly means that the phrase "the insured" refers severally to the particular person claiming coverage, and not collectively to any other insured, *or* that the language of the severability clause is itself ambiguous, in which event a construction in favor of the person claiming coverage is in order? Once again, does not the fact that various courts with equal desire to correctly construe the policy have reached conflicting conclusions at least raise a question of ambiguity?

Upon study of the language of the subject policy, the Court can only conclude that "the insured" as described in exclusions (d) and (e) refers to the person claiming coverage in a particular accident and otherwise included as an insured under the policy. This Court would therefore conclude on logic and reason that Russell, and therefore the plaintiff, would be entitled to recover as an additional insured and would not be excluded from coverage since the injured party was not Russell's employee and since Russell did not have any workmen's

3. See General Aviation Supply Co. v. Insurance Co. of N. A., 181 F.Supp. 380 (U.S.D.C.E.D.Missouri 1960) and Transport Ins. Co. v. Standard Oil Co. of Texas, (1960) 161 Tex. 93, 337 S.W.2d 284. See also "Who is 'The Insured'", U.K.City L.Rev., Vol. XXIV, Number 1, p. 65 and " 'Who is " ' "The Insured" ' " '? Revisited", Insurance Counsel Journal, Jan. 1961, p. 100.

4. See Transport Ins. Co. v. Standard Oil Co. of Texas, (1960) 161 Tex. 93, 337 S.W.2d 284.

compensation liability to the injured party.

However, this Court's logic and reason can be fallible, and indeed would be fallible here if it failed to recognize *stare decises* or failed to take cognizance of and follow any binding precedent. The defendant cites and in its brief wholly relies upon what it contends is binding legal precedents.

■ This being a diversity case, in determining whether there is any binding legal precedent, the Court must look first to the law of Tennessee. Defendant cites the Tennessee case of Vaughn v. Standard Surety & Casualty Co., 27 Tenn.App. 671, 184 S.W.2d 556, as having determined the issue here involved in favor of the defendant's contentions. The issues there involved a suit by one employee of the named insured against another employee of the named insured. The Court held that no coverage existed under the automobile liability policy there involved. In addition to some policy language here involved, the Court there construed other language, not here involved, that was decisive of the case. Moreover, no "Severability of Interests" clause was there involved. The Court did state generally that

"The policy does not apply and cover an injury which is compensable under the Workmen's Compensation Law."

Not only is the statement dogma, but it is dicta. The error of making such broad generalizations not called for by the facts in litigation is well illustrated by the unusual results that would be caused by application of such a rule to other fact situations. In the case of New v. General Casualty Co. of America, 133 F.Supp. 955 (U.S.D.C., M.D.Tenn.), a judgment was taken by the injured party against the named insured. The insurance carrier denied coverage on the ground that the injured party was an employee of the additional insured whose negligence caused the accident. Had the dicta in the Vaughn case applied, coverage would have been denied

the named insured in this situation. The Court held, however, that

"The named insured in this policy has purchased and is entitled to protection against the claims of all persons with whom he has no employment relationship and who is to him a member of the public."

In the absence of any binding precedent in Tennessee to which the Court's attention has been called, there is cited by the defendant two cases from the Court of Appeals of this Circuit. First is the case of Travelers Insurance Company v. Ohio Farmers Indemnity Co., (C.C.A.6, 1958) 262 F.2d 132, which arose under Kentucky law. There the Court, in a similar fact situation to the present case, held that

"[N]o employee of the named insured engaged in the named insured's business can recover against anyone included as an additional insured."

No analysis of the language of the policy is made, the Court in a per curiam decision merely stating that

"There is no ambiguity in the exclusion clause of the defendant's policy and no inconsistency is shown between this and other clauses of the instrument. It does not require construction."

This decides the case but does not shed much light on how or why.

The plaintiff here contends that the Travelers case can be distinguished upon the ground that no "Severability of Interests" clause was there involved. Before considering this contention, it is appropriate to consider another Sixth Circuit case relied upon by the defendant, namely, the case of Kelley v. State Automobile Insurance Association, (C.C.A.6, 1961) 288 F.2d 734. The case also arose under Kentucky law. The Court found that there was no Kentucky precedent and proceeded therefore to establish one. The basic facts were the same as in the principal case and present the issue of whether or not the additional insured was covered in an action for injury to

an employee of the named insured. The Court held that the policy did not extend coverage in such a case. There was a material difference in the policy language, however, in that the policy there excluded coverage for bodily injury to "any employee of *an* insured" rather than "*the* insured" as stated in the policy here involved. The Kelley case, unlike the Travelers case, did involve a "Severability of Interests" clause. The Court quoted with approval the language of the Supreme Court of Texas in the case of Transport Insurance Co. v. Standard Oil Co. of Texas, (1960) 161 Tex. 93, 337 S.W.2d 284, (which case, in turn had cited the former Sixth Circuit Travelers case) wherein it was stated that the "Severability of Interests" clause did not alter the situation. Without saying what the "Severability of Interests" clause did mean, the Court merely states that the policy does not cover injury to "an employee of the insured," that there is "no ambiguity" and "no inconsistency" with the "Severability of Interests" clause, and that this means no employee of the named insured can recover on the policy from an additional insured.

Thus, although the Travelers case may be distinguished upon the ground that no "Severability of Interests" clause was involved and the Kelley case, although having a "Severability of Interests" clause, may be distinguished upon the ground that the phrase "an insured" instead of "the insured" was involved, when the two cases are considered together they indicate the position of the Circuit Court of Appeals for this Circuit upon the problem here involved in the absence of a State precedent. Although this Court respectfully differs with the conclusions reached by the Circuit Court of Appeals and respectfully suggests that those conclusions are based upon unsound precedents, the Court feels constrained to conclude that it is required to hold that any employee of "the insured" means any employee of "the named insured" and possibly any employee of "any insured." Either result would appear to lead to incongruous results in other factual situations. For example, if "the insured" means "the named insured" and only that, then neither the named insured nor the additional insured would have any protection if they injured an employee of the named insured, but both would have protection if they injured the employee of the additional insured. On the other hand, if "the insured" means "any insured" then the named insured would have no protection if he injured the employee of the additional insured, who, as stated by Judge Davies in New v. General Casualty Co., supra, is a member of the general public insofar as the named insured is concerned. It would appear that any correction of these unusual results will require either a reconsideration of this problem by the Circuit Court of Appeals or the establishment of a different precedent within the courts of the State of Tennessee.

The motion of the plaintiff for summary judgment will therefore be overruled, and the motion of the defendant for summary judgment will therefore be granted.

An Order will enter accordingly.