**Lewis WILLEFORD, Appellant,**

v.

**The HOME INDEMNITY COMPANY,**
Appellee.

No. 7787.

Court of Civil Appeals of Texas.

Texarkana.

Feb. 7, 1967.

Rehearing Denied Feb. 28, 1967.

F. L. Garrison, Gilmer, for appellant.

R. Keith Drummond, Strasburger, Price, Kelton, Miller & Martin, Dallas, for appellee.

FANNING, Justice.

Lewis Willeford, as plaintiff, sued defendant insurance company for $10,000.00 on an insurance policy covering defendant's deceased wife, Cordia Willeford, allegedly due as a death indemnity benefit under said policy. Plaintiff and defendant both filed motions for summary judgment and the trial court entered summary judgment for defendant and denied plaintiff's motion for summary judgment. However it appears that there was no dispute that plaintiff was entitled to recover $3,500.00 for the loss of sight of one eye sustained by Mrs. Willeford and the summary judgment awarded this amount to plaintiff. Plaintiff has appealed, contending that he is entitled to judgment for $10,000.00, rather than $3,-500.00.

Defendant issued its Family Automobile Policy to Lewis Willeford effective August 15, 1964, with endorsement 157 M. Under such endorsement, appellant Willeford contends that he is entitled to the principal sum of $10,000.00 as a result of the death of his wife, Cordia Willeford, which occurred more than 90 days after the hereinafter referred to accident. The policy of insurance and endorsement provided in part as follows:

"1. Coverages

Part I—Death Indemnity

To pay the principal sum stated in the schedule in the event of the death of

the insured which shall result directly and independently of all other causes from bodily injury caused by accident and sustained by the insured while in or upon, or while entering into or alighting from, or through being struck by, an automobile, provided the death shall occur (1) within ninety days after the date of the accident or (2) within fifty-two weeks after the date of the accident and during a period of continuous total disability of the insured for which weekly indemnity is payable under the Total Disability Coverage.

\*   \*   \*   \*   \*   \*

Part III—(1) Dismemberment and Loss of Sight Benefits

To pay the highest applicable amount stated in the following table(s) for loss as enumerated therein, in the event of bodily injury, caused by accident and sustained by the insured while in or upon, or while entering into or alighting from, or through being struck by, an automobile, provided loss (under Table I) be sustained by the insured within ninety days from the date of such accident.

Table I

If Applicable principal sum is $10,000

For loss of
\*   \*   \*   \*   \*

Sight of one eye      $3,500   ”

Appellant Willeford did not purchase coverage for Total Disability and paid no premium therefor.

On August 22, 1964, an automobile accident occurred, from which Mrs. Willeford lost the sight of one eye, for which defendant-appellee was liable for $3,500.00 and was willing to pay and for which amount Mr. Willeford was given judgment. Mrs. Willeford died, from the result of such accident, on January 4, 1965, which was more than 90 days after the date of the accident but less than 52 weeks after the date of the accident.

It is appellant's position that since Mrs. Willeford was continuously totally disabled from the time of the accident to the date of her death, which was less than 52 weeks, that under a liberal interpretation of the policy that he was entitled to recover the death indemnity benefit of $10,000.00. In this connection appellant contends that the terms of such policy are ambiguous and that he is therefore entitled to a construction thereof which will permit him to recover such death indemnity benefit.

█   It is appellee's position that appellant Willeford is not entitled to the death indemnity benefit of $10,000.00 under Part I since the death of Mrs. Willeford did not occur (1) within 90 days after the date of the accident, nor (2) within 52 weeks after the date of the accident *and* during a period of total disability *for which weekly indemnity was payable.*

The rule of liberal construction of insurance policies in favor of the insured applies only when the contract is ambiguous and susceptible of more than one interpretation. However, where the language is plain and unambiguous there is no occasion for construction, and the language must be given its plain meaning. Transport Insurance Co. v. Standard Oil Co. of Texas, 161 Tex. 93, 337 S.W.2d 284 (1960).

█   Since the death of Mrs. Willeford occurred more than 90 days after the accident, there can be no recovery under the terms of proviso (1).

Proviso (2) has two requirements, (1) that death occur within 52 weeks after the accident *"and"* (not "or") (2) "during a period of continuous total disability of the insured for which weekly indemnity is payable under the Total Disability Coverage". For recovery under proviso (2), both of the above requirements must be met. The facts in the case at bar meet only one of these requirements. While the death was within 52 weeks from the date of the accident, and while Mrs. Willeford was continuously totally disabled during said period as a result

of the automobile accident, yet it was not within a period of total disability *for which weekly indemnity was payable.* No such weekly indemnity was payable simply for the reason that admittedly no total disability coverage was purchased and no premium was paid for such coverage.

We hold that the terms of the policy and endorsement above referred to are plain and unambiguous and that under the plain terms thereof and under the undisputed facts here, plaintiff was not entitled to recover the $10,000.00 death indemnity benefit sued for.

The judgment of the trial court is affirmed.

Affirmed.