BIRRENKOTT, Appellant, v. Mc MANAMAY, et al,
Respondents.

(276 N. W. 725.)

(File No. 8092. Opinion filed December 24, 1937)

*Frank L. Sieh* and *J. J. Fitzpatrick,* both of Aberdeen, and
*Howard Fuller,* of Fargo, N. D., for Appellant.

*George H. Fletcher,* of Aberdeen, for Respondent.

WARREN, J.  This action was brought upon a stipulated
statement of facts which briefly are as follows: Alfred R. Johnson,
a minor on whose behalf this action was brought, was injured in
a collision while riding in a motorcycle package delivery driven by
the defendant Charles McManamay.  Both Johnson and McMana-
may were employees of one Vince Hanson, and when the collision

occurred were engaged in the business of their employer. Hanson, at the time of the collision, was covered by a public liability insurance policy issued by the defendant insurance company. Judgment was secured on behalf of Johnson against the defendant McManamay for negligence in the operation of the motorcycle. Execution on said judgment was issued and returned unsatisfied, and the plaintiff here is now attempting to recover against the defendant insurance company under the public liability insurance policy carried by Hanson.

The policy under which plaintiff attempts to recover insures Hanson against claims for personal injuries or property damage resulting from the operation of the motorcycle in which Johnson was riding at the time of the collision. The policy contains a clause stating that such insurance shall also be in effect to protect any person operating the insured vehicle with the consent of the assured. The policy also contained an exception to the clause covering personal injuries (hereafter called exemption clause) exempting the company from liability on any claims made by an employee of the assured for injuries suffered in the course of employment in the business of the assured.

Defendant McManamay had the consent of the assured (Hanson) to operate the insured vehicle, and the plaintiff contends that because of this the defendant company is liable for claims for personal injuries resulting from the operation of the insured vehicle by the defendant McManamay. Defendant insurance company denies liability upon the grounds that Johnson was an employee of the assured who was injured while engaged in the business of the assured, and therefore the exemption clause in the policy relieves them of any liability on claims made for his (Johnson's) injuries.

The trial court found in favor of the defendant insurance company and ruled that they were relieved of any liability for the injuries suffered by Johnson because of the exemption clause in the policy, and also because the named assured, in violation of his contract, voluntarily assumed liability for the injury without the written consent of the defendant insurance company. Plaintiff has appealed from the judgment of the trial court.

Appellant contends upon this appeal that the exemption clause relating to "employees of the assured" should be limited

to employees of the person for whom the policy is invoked, namely, McManamay. This court cannot agree with the contention of appellant. Such an interpretation of the exemption clause would mean that the policy offered greater protection from liability to one who obtained the consent of the assured to use his vehicle than it offered to the assured himself. It is the opinion of this court that when the clause in the policy protecting any person operating the insured vehicle with the consent of the assured is invoked, that the person invoking said clause is placed in the same position as the named assured. He is therefore subject to the general limitations of the policy in the same manner as the named assured would be. Bernard v. Wisconsin Automobile Ins. Co., 210 Wis. 133, 245 N. W. 200. This being true, the person invoking the policy is subject to the exemption clause stating that at no time will the insurance company be liable for the damages sustained by an employee of the named assured while engaged in the business of the named assured. It follows, therefore, that the trial court was correct in ruling that because of the clause limiting the coverage of the policy the respondent insurance company is not liable for the injuries suffered by the minor plaintiff.

The ruling of the trial court that the admission of liability by the named assured, in violation of the terms of the contract, operated to relieve the respondent insurance company of any liability, need not be considered in view of our holding that the exemption clause relieved the respondent company of any liability in this action.

The judgment dismissing the action against the respondent company is affirmed.

All the Judges concur.