411 F.2d 862
 The EMPLOYERS' LIABILITY ASSURANCE CORPORATION, Ltd.,
Plaintiff-Appellant,
v.
The TRAVELERS INSURANCE COMPANY, H. Gordon Incorporated, The
Griffin Construction Company, Ralph Michaud and
James E. Gill, Defendants-Appellees.
 No. 353, Docket 32821.
 United States Court of Appeals Second Circuit.
 Argued April 7, 1969.
Decided May 15, 1969.
 
 John F. Scully (Cooney & Scully, Hartford, Conn., Joseph P. Cooney and David T. Ryan, Hartford, Conn., of counsel), for plaintiff-appellant.
 Peter C. Schwartz (Gordon, Muir & Fitzgerald, Hartford, Conn., George Muir, Hartford, Conn., of counsel), for defendants-appellees.
 Before FRIENDLY, KAUFMAN and HAYS, Circuit Judges.
 FRIENDLY, Circuit Judge:
 
 
 1
 In this declaratory judgment action between two insurance companies, three New York federal judges must first determine what is the Connecticut law on a difficult insurance question which the Supreme Court of that state, particularly expert in insurance matters, has had no occasion to consider. The case is in federal court because plaintiff, The Employers' Liability Assurance Corporation, Ltd., is a British corporation, while the defendants, of whom The Travelers Insurance Company is the only one having a financial stake, are Connecticut citizens. Any notion that Connecticut judges would be prejudiced in favor of Travelers, particularly on a legal issue where the situation of the two companies could equally as well have been reversed, would be fantastic in the last degree. Yet the statute maintaining diversity jurisdiction substantially in the form in which it has existed since the Judiciary Act of 1789, 1 Stat. 73, 78, requires us to take time from pressing issues of federal law to essay a prediction on a subject concerning which only Connecticut's highest court can speak with authority.
 
 
 2
 Travelers had issued an automobile liability policy to James E. Gill, a trucker. Section III of the Travelers' policy defined the term 'insured' as follows:
 
 
 3
 'The unqualified word 'insured' includes the named insured and also includes * * * any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission.'
 
 
 4
 One of the conditions of the policy coverage, number six, provided:
 
 
 5
 '(c) Use of the automobile for the purposes stated includes the loading and unloading thereof.'
 
 
 6
 Another provision stated that the policy did not apply:
 
 
 7
 '(d) * * * to bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of (1) domestic employment by the insured, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) other employment by the insured. * * *'
 
 
 8
 Still another clause, entitled 'Severability of Interests,' provided:
 
 
 9
 'The term 'the insured' is used severally and not collectively, but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability.'
 
 
 10
 Travelers had also issued a workmen's compensation policy to Gill.
 
 
 11
 Griffin Construction Company, which was engaged in building a church at Meriden, Conn., hired Gill to provide a tractor-trailer and the services of a driver-helper to haul wooden roof trusses from a railroad siding to the church; it also hired H. Gordon, Incorporated, to furnish a crane to aid in the loading and unloading. As a result of maneuvers of the trusses, the crane, and connecting lines directed by Griffin and carried out by him in cooperation with an employee of Gordon and Michaud, the driver-helper supplied by Gill, a truss fell in the course of unloading and injured Michaud. This was on November 4, 1957.
 
 
 12
 Gill promptly reported the accident to Hemingway-Lewis Insurance and Realty Company, which had written both his policies with Travelers. An officer of the agency gave notice to Travelers on a form entitled 'Employer's First Report of Injury.' This was designed for the reporting of workmen's compensation claims, and Travelers processed the claim as such.
 
 
 13
 On July 1, 1958, Michaud's attorneys wrote the H. Gordon Co., which Employers had insured against liability, advising of their representation of Michaud 'for personal injuries sustained due to the negligence of one of your employees.' The attorneys suggested that Gordon 'turn this letter over to your insurance company and advise them to contact us at once if you wish to avoid suit in this matter.' Neither Gordon nor Employers gave notice to Travelers. Michaud began a state-court suit against Gordon and Griffin late in October 1958, seeking $100,000 damages; Gill, represented by a Travelers attorney, intervened as a plaintiff to assert a subrogation right. The first notice to Travelers that Gordon claimed coverage under Gill's policy and wished to have Travelers defend on its behalf was given by Employers on August 10, 1959. Travelers declined the latter request because of the lateness of the notice. In 1967 Employers paid $20,000 toward a settlement of Michaud's negligence claim against Gordon and Griffin.
 
 
 14
 In 1966 Employers brought this action in the District Court for Connecticut seeking a declaration of Travelers' liability to protect Gordon against Michaud's claim. The action, which apparently had lain dormant, came to life after Employers' payment. Travelers defended on two grounds: (1) that, although Gordon would otherwise have been covered under the 'loading and unloading' clause, liability was excluded in the case of injury to an employee of any insured, here an employee of Gill; and (2) that Gordon had failed to comply with the condition of the policy requiring prompt notice. Judge Clarie upheld the first defense and thus had no occasion to consider the second, 293 F.Supp. 604.
 
 
 15
 The interplay between provisions of liability policies extending coverage beyond the named insured and excluding employees has given rise to much controversy-- - which, of course, insurers could readily end by the simple expedient of saying clearly what they mean. See Annot., 50 A.L.R.2d 97-107 (1956); 7 Am.Jur.2d Automobile Insurance 133 (1963); 28 Ins. Counsel J. 100 (1961); 7 Appleman, Insurance Law & Practice 4413 (1942). Travelers claims the clause excludes employees of any insured; Employers counters that it excludes only employees of the insured seeking recovery under the policy, a construction somewhat favored by the severability clause. Since either construction would come within the reach of the words, we must look to probable purpose and to good sense. The loading and unloading clause seems designed to cover liability for that activity rather comprehensively. Travelers has shown no purpose that would be served by a construction that would cover Gordon's liability in negligence if the truss had hit a passerby but would not apply if it hit Gill's employee. Also Travelers' construction would appear to require a conclusion that Gill would not be covered if the injury had been to an employee of Gordon or Griffin, with the result that the extended-coverage clause would reduce the protection of the named insured. Moreover, a narrower construction of the exclusion clause, whereby no insured could hold Travelers for injury to his own employees, makes excellent sense, since such risks would be expected to be covered by workmen's compensation insurance.
 
 
 16
 Admittedly no decisions of the Supreme Court of Connecticut are directly in point or even helpful. In deciding in favor of the broad construction of the exclusion clause urged by Travelers, the judge relied on statements in two decisions of Connecticut trial courts. One of these, Bronkie v. Lumbermen's Mutual Casualty Co., 3 Conn.Supp. 364, 369 (1936), involved an injury to an employee of the named insured by a fellow employee who was himself an additional insured. Deciding that this was within an exclusion similar to that with which we are here concerned, the state judge added:
 
 
 17
 'An additional assured under a policy like that in question can never have greater protection than that afforded the named assured. Yet such would be the case if the plaintiff's position were sound. One would then be confronted with the anomalous situation furnished by the fact that certain protection to an additional assured is denied to the one whose money paid for the policy and whose motive must have been to seek all the protection it could get rather than to lavish it upon some unnamed and as yet unknown person who fortuitously might later obtain permission to operate the automobile covered by the policy.'
 
 
 18
 We fail to see how this supports Travelers' position. Liability of an employee as additional insured for injury to a fellow employee apparently has been considered to present a special situation, and insurers in recent years have developed a specific exclusion to deal with it;[1] the anomaly sensed by the state judge would not be created by narrow construction of the exclusion clause here. Under Employers' construction the named insured would be covered for injuries to employees of an additional insured, just as the additional insured would be covered for injuries to employees of the named insured, but neither would be covered for injuries to his own employees. In Travelers Ins. Co. v. Virginia Surety Co., Superior Court, Fairfield Co., 1963, a case governed by Pennsylvania law where Travelers was on the other side of the fence, the judge did say, as one of three grounds for decision, that the employee exclusion applied to liability of an unnamed insured to an employee of a named insured. Against this we are impressed by the considerations we have previously outlined and by the reasoning in Pepsi-Cola Bottling Co. of Charleston v. Indemnity Ins. Co., 318 F.2d 714, 716 (4 Cir. 1963), see also Lumber Mutual Casualty Ins. Co. of New York v. Stukes, 164 F.2d 571, 574 (4 Cir. 1947) (Parker, J.). Despite the 1963 decision of the Superior Court for Fairfield County, we therefore have no hesitation in predicting that the Supreme Court of Connecticut would reject the broad reading of the exclusion clause and adopt the narrower one enunciated by the Fourth Circuit. We realize this is only a circumlocution for saying that if we were the Supreme Court of Connecticut and were as free to choose as it is, that is what we would do. Cf. Cooper v. American Airlines, Inc., 149 F.2d 355, 359, 162 A.L.R. 318 (2 Cir. 1945).
 
 
 19
 Rejecting Travelers' defense based on the exclusion clause, we are thus required to consider its defense relating to notice which the district court did not reach. The policy provision is:
 
 
 20
 '3. Notice of Accident. When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses.'
 
 
 21
 Such a requirement has been interpreted by Connecticut courts as demanding notice 'as soon as can reasonably be expected under the circumstances.' Silver v. Indemnity Ins. Co., 137 Conn. 525, 79 A.2d 355 (1951). Failure to comply voids coverage, even in the absence of prejudice.[2] Haskell v. Eagle Indemnity Co., 108 Conn. 652, 144 A. 298 (1929); Preferred Accident Ins. Co. of New York v. Castellano, 148 F.2d 761 (2 Cir. 1945). The requirement applies to an additional insured as well as to the named insured. See Commercial Contractors Corp. v. American Ins. Co., 152 Conn. 31, 202 A.2d 498 (1964) (New York law). Although Gordon knew of the injury on the day of the accident, November 4, 1957, and of Michaud's claim against it on July 1, 1958, no notice on its behalf was given until August 10, 1959. Employers does not seriously contend that this constituted compliance; it relies rather on a claim of unfamiliarity with the loading and unloading clause of the Travelers' policy and on the prompt notice given by Gill. But the latter notified Travelers only of a compensation claim,[3] and this was inadequate to advise Travelers of a claim by an unknown additional insured for third-party liability for Michaud's injury. We lack sympathy with the unfamiliarity argument, especially when this is advanced by an insurance company as Gordon's subrogee.
 
 
 22
 Affirmed.
 
 HAYS, Circuit Judge (concurring):
 
 23
 I would affirm on the ground on which the district court based its decision.
 
 
 
 [1]
 See 7 Am.Jur.2d, supra; 7 Appleman, supra, at 4416. The Travelers policy issued to Gill contained this provision:
 'The insurance with respect to any person or organization other than the named insured does not apply: * * * (b) to any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of an automobile in the business of such employer. * * *'
 
 
 [2]
 Condition 13 of the policy makes compliance with its terms and conditions a condition precedent to recovery on the policy
 
 
 [3]
 The notice filed by the agency stated 'Unloading trailer truck with crane. Ralph Michaud standing on trailer bed unloading wooden truss which caught leg as it was being removed and dragged Mr. Michaud across trailer breaking ankle (right) in three places as determined by x-ray.'