**CONTINENTAL CASUALTY COMPANY,**
a Corporation, Plaintiff,

v.

**EMPLOYERS COMMERCIAL UNION INSURANCE COMPANY, a Corporation, and Crane and Ordway Co., a Corporation, Defendants.**

Civ. 71–74S.

United States District Court,
D. South Dakota, S. D.

June 16, 1972.

Donald J. Porter, of Martens, Goldsmith, May, Porter & Adam, Pierre, S. D., for plaintiff.

Ellsworth E. Evans, of Davenport, Evans, Hurwitz & Smith, Sioux Falls, S. D., for defendant Employers Commercial Union Ins. Co.

Bradley G. Bonynge, Wessington Springs, S. D., for defendant Crane and Ordway Co.

## MEMORANDUM DECISION

NICHOL, Chief Judge.

Plaintiff, Continental Casualty Company (Continental), seeks a declaratory judgment pursuant to 28 U.S.C.A. Secs. 2201 and 2202 determining the rights, status and legal relations between it and defendant Employers Commercial Union Insurance Company (Employers) as to certain insurance policies issued by them. There is diversity of citizenship and the matter in controversy exceeds $10,000 exclusive of interest and costs, which gives this Court jurisdiction under 28 U.S.C.A. Sec. 1332.

On August 4, 1967, Bruce Lyson, an employee of Grimshaw Drilling Company (Grimshaw), was injured while in the course of his employment. Lyson had driven a truck owned by his employer, Grimshaw, to the premises of defendant Crane and Ordway Company (Crane) for the purpose of obtaining drilling pipe which Grimshaw was purchasing from Crane. While Lyson, a fellow employee and an employee of Crane were loading drilling pipe into the Grimshaw truck, Lyson sustained personal injuries. Lyson claimed and received workmen's compensation benefits from his employer, Grimshaw, and Grimshaw's workmen's compensation carrier, a wholly owned subsidiary of defendant Employers. Lyson then commenced a suit against defendant Crane, alleging negligence on the part of Crane's employee. That suit is now pending in this court (CIV70–90S). The present action is to determine whether plaintiff, Continental, or defendant Employers is the primary liability insurer of Crane and, therefore, should defend the action by Lyson against Crane.

Plaintiff, Continental, is the liability carrier of defendant Crane. Plaintiff's liability policy contains a provision making its coverage excess to any other valid liability coverage of defendant Crane in effect at the same time. It is plaintiff's claim that defendant Crane is an omnibus insured under the policy issued by defendant Employers to Grimshaw. Employers issued a policy to Grimshaw agreeing to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury caused by accident and arising out of the ownership, maintenance or use of the truck which Lyson was driving. Use of the truck was defined as including the loading and unloading thereof. The word "insured" included any person while using an owned automobile and any person or organization legally responsible for the use thereof. Employers under their policy also agreed to defend any suit against the insured alleging bodily injury. Since Crane was using the insured truck and may be legally responsible for the resulting injury to Lyson, Crane is an insured under the policy.

Attached to the policy issued by Employers is an additional endorsement which excludes coverage if injury arises out of the loading or unloading of an automobile on the premises owned or controlled by the person against whom the claim is made or suit brought. If this endorsement were effective, it would preclude coverage for Crane.

S.D.C.L. Sec. 58–10–2 (1967) provides that the term policy "includes all clauses, riders, endorsements and papers which are a part thereof." S.D.C.L. Sec. 58–11–2 (1967) states:

Every policy as defined by § 58–10–2 shall specify:

(1) The names of the parties to the contract;

(2) The subject of the insurance;

(3) The risks insured against;

(4) The time when the insurance takes effect and the duration thereof;

(5) The premium; and

(6) The conditions pertaining to the insurance.

Thus any endorsement to a policy must meet all the provisions of S.D.C.L. Sec. 58–10–2 (1967) either expressly or by reference to the main policy. The endorsement in question does not name the parties to the contract, does not specify the subject of the insurance either expressly or by reference to the main policy and does not state the time when it is to take effect. Thus the endorsement never became part of the policy and has no effect.

■ The central issue is Employers' contention that the exclusion provisions of the policy remove Crane from coverage. Coverage is excluded by the policy if any employee of the insured is to receive benefits in whole or in part from any workmen's compensation law under which the insured is held liable. Admittedly Lyson received workmen's compensation benefits through Grimshaw, his employer. However, the insurance policy also contains a severability of interests clause which states that the "term 'the insured' is used severally and not collectively." Since this clause was added to insurance policies beginning in 1955, the majority of the courts and insurance writers have found that each insured under a policy is covered or excluded separately. Employers' Liability Assur. Corp. v. Travelers Ins. Co., 411 F.2d 862 (2d Cir. 1969); Walker v. Fireman's Fund Ins. Co., 268 F.Supp. 899 (D.Mont.1967); Gulf Ins. Co. v. Mack Warehouse Corp., 212 F.Supp. 39 (E.D.Pa.1962); Curran Development Co. v. Security Ins. Co., 194 F.Supp. 727 (W.D.Ark.1961); Marwell Const., Inc., v. Underwriters at Lloyd's, London, Alaska, 465 P.2d 298 (1970); Shelby Mutual Insurance Co., Schuitema, Fla.App., 183 So.2d 571 (1966); Brown and Risjord, Loading and Unloading:

The Conflict Between Fortuitous Adversaries, Ins. Counsel J. at 197 (April 1962); Risjord and Austin, "Who Is 'The Insured'" Revisited, Ins. Counsel J. at 100 (Jan. 1961). Thus if the name of the insured, here Crane, were substituted for the words "the insured", it could easily be determined if coverage existed or an exclusion applied. The exclusion would then read similarly to this: Coverage is excluded by the policy if any employee of Crane is to receive benefits in whole or in part from any workman's compensation law under which Crane is held liable. Lyson was the employee of Grimshaw, not Crane, and received workman's compensation benefits through Grimshaw, not Crane, and, therefore, the exclusion does not apply to Crane.

In a 1937 decision, the South Dakota Supreme Court held that where a policy excluded coverage to the insured on any claims made by an employee of the insured for injuries suffered in the course of employment in the business of the assured, an employee was not provided coverage when sued by a fellow employee. Birrenkott v. McManamay, 65 S.D. 581, 276 N.W. 725 (1937). The employee's contention was that he was an insured under the policy and the exclusion did not apply since he was not the employer of his fellow employee. The important distinction in *Birrenkott* is that the insurance policy did not contain a severability of interests clause as the policy here does. This Court believes that when the opportunity arises, the South Dakota Supreme Court will adopt the same position as this decision does.

Accordingly, plaintiff, Continental, as excess carrier only, is not required to defend Lyson's suit against Crane (CIV70–90S), but said burden devolves upon defendant Employers.

This memorandum decision shall constitute the findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.