Gilbert Henry ROBERTS, Jr.,
Plaintiff-Appellee,

v.

Jimmy BOHAC et al.,
Defendants-Appellants.

No. 76–2614.

United States Court of Appeals,
Fifth Circuit.

June 13, 1978.

Jack D. Maroney, Scott R. Kidd, Austin, Tex., for defendants-appellants.

Jack Ritter, Jr., Austin, Tex., for plaintiff-appellee.

Before WISDOM, THORNBERRY and RUBIN, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

█ Appellants challenge the sufficiency of the evidence to support a jury verdict against two police officers of the City of Luling, Texas for false imprisonment,[1] and the award of $5000 in actual damages against both defendants and $2500 in punitive damages against each defendant. The evidence sufficed, the awards were not excessive, and, therefore, we affirm.

█ At 11:00 p. m. on a cold February night, plaintiff was arrested by Officers Kimmond and Bohac, two blocks from his home, and detained overnight in the Luling, Texas jail. The following morning he was taken before a magistrate for the first time. He was charged with "drunk under the wheel," although neither the laws of Texas nor ordinances of Luling make the described activity an offense. There is evidence that, as a result of the imprisonment in a frigid and unattended jail, under unsanitary conditions, plaintiff became ill, suffered a nervous stomach, frequent vomiting, loss of weight and sleep for several weeks, and that anxiety caused him to drop out of school. Additionally, there is evidence that the imprisonment and an attendant seven week campaign of harassment were motivated by Officer Kimmond's concern over plaintiff's having discovered that Kimmond was having an extra-marital relationship.

█ Texas law requires that an arrested motorist be taken "immediately" before a magistrate. Tex.Rev.Civ.Stat.Ann.Art. 6701d, §§ 147–148. The test for determining compliance is whether the conduct of the police was reasonable under the circumstances of the case:

> "The law must be given a practical and reasonable application. Accordingly, the word 'immediately' is very generally held to mean with due diligence. The accused has the right to be presented without delay, but the question of what is delay must be determined by all the facts and circumstances. . . . While courts must safeguard the rights of individuals, they should not impose liability · upon peace officers for delays which are reasonable under all the circumstances." *Hicks v. Matthews,* 1954, 153 Tex. 177, 266 S.W.2d 846, 849.

In *Hicks* the court excused the failure to present the accused to a magistrate when the officer knew or had "good grounds for the belief" that the magistrate was not in his office. *Id.* Appellants contend that *Hicks* entitled them to a directed verdict because there was testimony that the magistrate was not generally available after 9:00 p. m. But there was also testimony that, on other occasions, when an arrest was made late in the evening, the officers had telephoned the magistrate, and, if he was home, he had made himself available. The officers did not even attempt to ascertain whether the magistrate was, or could make himself, available.

█ As has been detailed, there was ample evidence that plaintiff suffered actual damages; an award of $5000 is not excessive for these. *See Pletz v. Christian Herald Assoc.,* 5 Cir. 1973, 486 F.2d 94. Additionally, the evidence of the campaign of continuing harassment would support an inference of malice and the award of punitive damages. Hence, both with respect to liability and damages, the facts and inferences did not "point so strongly and over-

---

1. Plaintiff also brought claims pursuant to 42 U.S.C. § 1983, directly under the Eighth Amendment to the United States Constitution, and for false arrest under state law. The jury found for the defendants on each of these claims. The jury's determination that there was probable cause for arrest is not inconsistent with its verdict with respect to false imprisonment which may be based on the failure to procure a magistrate as required by state law.

whelmingly in favor of [the appellants] that . . . reasonable men could not arrive at a contrary verdict . . .." *Boeing Company v. Shipman*, 5 Cir. 1969, 411 F.2d 365, 374–375.

Accordingly, the judgment is AFFIRMED.