866 F.2d 1060
 UNIVERSAL UNDERWRITERS INSURANCE COMPANY, a Missouri
corporation, Appellant,
v.
McMAHON CHEVROLET-OLDSMOBILE, INC., a South Dakota
corporation, Mark D. Evans, a resident of the
State of South Dakota and JoAnne Evans,
a resident of the State of
South Dakota, Appellees.
 No. 87-5306.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 11, 1988.
Decided Feb. 3, 1989.
 
 Michael J. Morley, Grand Forks, N.D., for appellant.
 Paul E. Grinnell, Moorhead, Minn., for appellees.
 Before ARNOLD and WOLLMAN, Circuit Judges, and ROSS, Senior Circuit Judge.
 ROSS, Senior Circuit Judge.
 
 
 1
 Appellant Universal Underwriters Insurance Company (Universal), a Missouri insurance corporation, appeals from an adverse declaratory judgment finding that it owes a duty of defense, coverage and indemnification to appellee JoAnne Evans (JoAnne) for claims asserted against her by her husband, appellee Mark Evans (Mark), that were not the obligations of Mark's employer, appellee McMahon Chevrolet-Oldsmobile, Inc. (McMahon Chevrolet), under state worker's compensation laws. Universal brought this declaratory action pursuant to 28 U.S.C. Sec. 2201 and Fed.R.Civ.P. 57, and jurisdiction is based upon diversity of citizenship under 28 U.S.C. Sec. 1332. For the reasons set forth below, we reverse and hold that Universal is not required to defend, cover or indemnify JoAnne Evans in the pending state court action.
 
 BACKGROUND
 
 2
 The relevant facts of this case are not in dispute. On November 1, 1981, Mark Evans was injured as a passenger in a one-car accident near Gwinner, North Dakota. At the time of the accident, he and his wife, JoAnne Evans, were transporting a 1982 Buick Skylark owned by his employer, McMahon Chevrolet-Oldsmobile, Inc., from Lisbon, North Dakota to McMahon's dealership in Milbank, South Dakota. JoAnne, although not an employee of McMahon Chevrolet, was driving the vehicle at the time of the accident with McMahon's permission. It is undisputed that Mark, an auto sales manager for McMahon Chevrolet, was within the course and scope of his employment at the time the accident occurred. Thereafter, Mark received worker's compensation benefits pursuant to South Dakota law from McMahon's worker's compensation carrier, Universal Underwriters Insurance Company.
 
 
 3
 Almost four years after the accident, on September 20, 1985, Mark filed a personal injury suit against JoAnne and McMahon Chevrolet in Cass County State District Court of North Dakota, seeking damages for medical expenses, disability, and pain and suffering allegedly resulting from the 1981 accident. The defense of JoAnne and McMahon Chevrolet in that action was tendered to Universal pursuant to a separate liability policy, policy number 484000, Universal had issued to McMahon Chevrolet. Universal accepted the defense of JoAnne and McMahon pursuant to a reservation of rights arrangement, and thereafter commenced this declaratory judgment action in federal district court to determine what duties of defense and coverage it owed to defendants Mark, JoAnne and McMahon Chevrolet under the policy.
 
 
 4
 Policy 484000 provided general liability coverage to McMahon Chevrolet. It is undisputed that the policy also provided coverage to JoAnne in this instance, as an additional insured. Universal asserted, however, that two exclusions included within the policy relieved it of any obligations of defense or coverage to the defendants. First, the so-called employee exclusion excluded coverage for "INJURY to any employee of the INSURED arising out of and in the course of their employment." Second, the worker's compensation exclusion excluded "any obligation for which an INSURED may be held liable under any Worker's Compensation or disability benefits law * * *."
 
 
 5
 Universal argued that (1) the employee exclusion applied against all three defendants because Mark was an employee of McMahon Chevrolet and his injuries arose out of and in the course of his employment, and (2) the worker's compensation exclusion also applied because McMahon Chevrolet was already liable to Mark under South Dakota worker's compensation law. JoAnne did not dispute that these exclusions were applicable to McMahon Chevrolet, as the named insured. She pointed out, however, that the insurance policy contained a "severability of interests" clause,[1] and argued that this clause provided her with coverage as an additional insured which was separate and apart from that of the named insured. As a separate insured, she claimed that (1) the employee exclusion applicable to McMahon Chevrolet did not exclude her from coverage under the policy because Mark was not her employee, and (2) the worker's compensation exclusion applicable to McMahon Chevrolet did not exclude her from coverage because she was not liable to Mark under any worker's compensation laws.
 
 
 6
 The matter was submitted on cross motions for summary judgment to the United States Magistrate. Noting that the case was governed under South Dakota law and that the South Dakota Supreme Court had not decided a similar related issue, the magistrate set out to "determine what the highest state court would probably hold were it called upon to decide the issue." Hazen v. Pasley, 768 F.2d 226, 228 (8th Cir.1985).
 
 
 7
 The magistrate determined that coverage under the policy turned upon the meaning of "the INSURED" under the employee exclusion and "an INSURED" under the worker's compensation exclusion. The magistrate concluded that "the INSURED" under the employee exclusion, considered in light of the policy's "severability of interests" clause, referred to the particular insured in question, i.e., JoAnne, and not only to McMahon Chevrolet, the named insured, or to all the insureds collectively.[2] The magistrate thus held that under the employee exclusion McMahon Chevrolet was excluded from coverage as Mark's employer; JoAnne, however, was not excluded because, as a separate insured under the policy, she was not Mark's employer.
 
 
 8
 The magistrate also determined that "an INSURED" under the worker's compensation exclusion referred to any person insured under the policy; that is, "an INSURED" treated insureds separately, not collectively, without reference to the policy's severability of interests clause. Thus, the court concluded that McMahon Chevrolet was excluded from coverage because it was already liable under worker's compensation law; JoAnne, however, who was not liable under any worker's compensation law, was entitled to defense, coverage, and indemnity for claims asserted against her that were not already covered under worker's compensation law.[3]
 
 
 9
 The district court summarily adopted the magistrate's report and recommendation, and entered judgment finding that Universal owes no duty of defense, coverage or indemnity to McMahon Chevrolet or to Mark Evans, but that it owes a duty of defense, coverage and indemnity to JoAnne Evans for claims asserted against her that are not the obligations of McMahon Chevrolet under applicable worker's compensation laws. Universal then filed this appeal.
 
 DISCUSSION
 
 10
 Universal asserts that the effect of the district court's judgment is to give JoAnne, a mere additional or omnibus insured, greater and more extensive liability insurance coverage than that afforded to McMahon Chevrolet, the named insured and purchaser of the policy. It argues that such a result was never intended by the insertion of the severability of interests clause into the policy. Universal further argues that decisions rendered in Birrenkott v. McManamay, 65 S.D. 581, 276 N.W. 725 (1937) and American Family Ins. Group v. Howe, 584 F.Supp. 369 (D.S.D.1984), indicate that under South Dakota law an omnibus insured is not entitled to any greater liability coverage than that afforded to the named insured who purchased the policy, notwithstanding the presence of a severability of interests clause in the policy. JoAnne, on the other hand, attempts to distinguish those cases and instead relies upon Continental Casualty Co. v. Employers Commercial Union Ins. Co., 344 F.Supp. 4, 6 (D.S.D.1972) as determining the effect of a severability of interests clause upon the employee exclusion clauses of a standard liability policy under South Dakota law. Universal discredits the precedential value of the Continental decision because that case was reversed on other grounds by this court in Continental Casualty Co. v. Employers Commercial Union Ins. Co., 476 F.2d 782 (8th Cir.1973).
 
 
 11
 Continental Casualty Co., supra, 344 F.Supp. at 4, as the appellee correctly points out, is the only case which discusses the effect of South Dakota law on the specific issue before us, i.e., whether the presence of a severability of interests clause within an employer's standard liability policy can operate to provide an additional insured coverage and defense with regard to claims brought by the named insured's employee for injuries incurred while in the course and scope of his employment which are more comprehensive than the coverage and defense afforded to the named insured. As in the present case, the policy at issue in Continental Casualty contained a worker's compensation exclusion relieving the employer's insurer of any duty to extend coverage with respect to any injuries for which an employee received worker's compensation benefits. In that case, the district court first addressed the separate issue of whether a particular loading/unloading exclusion contained in an additional rider was effectively made a part of the main policy. Id. at 5-6. Concluding that it was not, the district court then considered the effect of the severability of interests clause in the policy and whether the worker's compensation exclusion precluded the insurer's duties of coverage and defense to the additional insured. The district court concluded that the worker's compensation exclusion did not apply because the severability of interests clause provided the additional insured with separate coverage under the policy. Thus, the court held that the employer's insurer was obligated to defend the additional insured in the action brought by the named insured's employee. Id. at 6. On appeal, this court reversed without reaching the severability of interests issue, finding that the additional rider containing the loading/unloading exclusion was effective and that that exclusion was dispositive with respect to relieving the employer's insurer of any duty to defend or cover the additional insured. Continental Casualty, supra, 476 F.2d at 786 & n. 5.
 
 
 12
 We find that the district court's reliance on Continental Casualty, supra, 344 F.Supp. at 6, in the present case is not well founded. First, as a general matter, we believe this court's reversal of Continental Casualty effectively annulled the district court's judgment in toto and left the district court's determination as to the effect of the severability of interests clause without any particular precedential value. See 2 Federal Procedure, L.Ed. Sec. 3:704 (1981). Second, although this court did not reach the severability of interests issue in Continental Casualty, had we done so we believe it is likely that we would have reversed on that aspect of the district court's decision as well.[4]
 
 
 13
 We agree with Universal that Birrenkott, supra, 276 N.W. at 725, and American Family Ins. Group, supra, 584 F.Supp. at 369, shed some light as to how this case should be decided under South Dakota law. In Birrenkott, an employee was injured as the passenger in a motorcycle accident as he and a fellow employee, the driver of the motorcycle, were engaged in their employer's business. The injured employee sued and obtained a judgment against the driver employee. Later, when execution of the judgment was returned unsatisfied, the injured employee attempted to satisfy the judgment under his employer's public liability insurance policy. That policy covered the driver employee as an omnibus insured, but excluded coverage for any claims made by an employee of "the assured" for injuries received while in the course of the employer's business (the employee exemption clause). The employee asserted that the phrase "employees of the assured" in the exemption clause was limited to employees of the person for whom the policy was invoked, in that case, employees of the driver employee. The South Dakota Supreme Court disagreed, stating:
 
 
 14
 Such an interpretation of the exemption clause would mean that the policy offered greater protection from liability to one who obtained the consent of the assured to use his vehicle than it offered to the assured himself. It is the opinion of this court that when the clause in the policy protecting any person operating the insured vehicle with the consent of the assured is invoked, that the person invoking said clause is placed in the same position as the named assured. He is therefore subject to the general limitations of the policy in the same manner as the named assured would be. Bernard v. Wisconsin Automobile Ins. Co., 210 Wis. 133, 245 N.W. 200. This being true, the person invoking the policy is subject to the exemption clause stating that at no time will the insurance company be liable for the damages sustained by an employee of the named assured while engaged in the business of the named assured.
 
 
 15
 Id. 276 N.W. at 726. Thus, the court concluded that the exemption clause relieved the employer's insurance company from any liability for the injuries of the named assured's employee.
 
 
 16
 JoAnne argues that Birrenkott has no value in deciding the case before us because the insurance policy in Birrenkott did not contain a severability of interests clause. We are not persuaded, however, that that distinction limits our consideration of the Supreme Court's concerns with respect to extending an insurer's liability to additional insureds above and beyond that afforded to the named insured. We note too that the federal district court for the District of South Dakota in American Family Ins. Group, supra, 584 F.Supp. at 371, as recently as 1984 and subsequent to the 1972 decision in Continental Casualty, supra, cited the Birrenkott case for the proposition that, "[t]he operation of an omnibus clause creates liability insurance in favor of persons other than the named insured to the same degree as the named insured. See 12 Couch on Insurance 2d (Rev.Ed.) section 45:293 at 618-19 (1981); Birrenkott v. McManamay, 65 S.D. 581, 276 N.W. 725 (1937)" (emphasis added). Presumably the liability policy at issue in American Family Ins. Group contained a severability of interests clause since, as JoAnne points out, such clauses have been inserted into standard liability policies since 1955. See also Kelly v. State Automobile Ins. Ass'n, 288 F.2d 734, 735 (6th Cir.1961). Although the district court's statement above was not directed to the resolution of the specific issue before it, we feel that its comment nonetheless reflects the court's belief that Birrenkott continues to be viable authority.
 
 CONCLUSION
 
 17
 The severability of interests clause found in policy 484000 does in fact provide JoAnne with general liability protection separate and apart from that provided to the named insured. However, we find that the named insured and the insurer under such policy did not intend that the severability of interests clause extend protection to an additional insured for claims brought by employees of the named insured where such claims were explicitly denied coverage under the employee or worker's compensation exclusions.
 
 
 18
 For the above reasons, we reverse that portion of the district court's judgment finding that Universal is required to defend, cover and indemnify JoAnne in the pending state court action and remand with instructions to the district court to enter judgment accordingly.
 
 
 
 [1]
 The so-called "severability of interests" clause, found within the "General Conditions" section of policy 484000, provides as follows: " 'Insured' means any person or organization qualifying as an insured in the Who Is An Insured provision of the coverage part. Except with respect to the limit of liability, the insurance afforded applies separately to each insured."
 
 
 [2]
 The magistrate considered the relevance of the inclusion of a severability of interests clause into the policy. Relying on Continental Casualty Co. v. Employers Commercial Union Ins. Co., 344 F.Supp. 4 (D.S.D.1972), rev'd on other grounds, 476 F.2d 782 (8th Cir.1973), the magistrate concluded that the severability clause resulted in each insured being covered or excluded separately under the policy
 
 
 [3]
 The magistrate noted that of the various types of relief sought by Mark in state court, only pain and suffering was not covered under South Dakota's worker's compensation law. Therefore, as a practical matter, Universal would be obligated to provide JoAnne with coverage and defense only as to Mark's claim for pain and suffering
 
 
 [4]
 In our view, the district court's analysis of the severability of interests issue in Continental Casualty Co., supra, 344 F.Supp. at 6 (D.S.D.1972), did not go far enough in considering whether the insertion of a severability of interests clause was ever intended to extend an insurer's liability to additional insureds above and beyond that of named insureds with respect to claims made by employees of the named insured