IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40094
Summary Calendar
_____

SHARESHAMA JOHNSON,

Plaintiff-Appellant,

versus

CITY OF PITTSBURG, TEXAS; JESSIE CLARK,
City of Pittsburg Police Officer,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(2:98-CV-107)

_____

August 12, 1999

Before REAVLEY, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

We affirm summary judgment of the federal question claims essentially for the reasons

stated in the district court's opinion.  That the district court's statement of facts incorrectly asserts

that Johnson had pleaded guilty to running a stop sign does not change the result.  An unappealed

conviction in state court on that charge is a final judgment.  As such, the initial traffic stop was

lawful for purposes of our section 1983 analysis.  See Heck v. Humphrey, 512 U.S. 477, 486-87

& n.6, 114 S. Ct. 2364, 2372 & n.6, 129 L. Ed. 2d 383 (1994) (holding that section 1983 does

not recognize challenges that implicate the lawfulness of a state's criminal conviction of a

defendant).

The circumstances support the district court's determination that Officer Clark acted with

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

objective reasonableness when he arrested Johnson. Johnson lacked valid proof that she was licensed to operate the vehicle, as well as valid identification, which bear directly upon the safety of the officer and the public at large. See, e.g., Myricks v. United States, 370 F.2d 901, 904 (5th Cir. 1967). Officer Clark was provided no official proof of Johnson's identity. He did not recognize her. She was released from custody as soon as her identification was verified. Although Officer Clark's immunity is not absolute, "qualified immunity . . . provides ample protection to all but the plainly incompetent or those who knowingly violate the law." Malley v. Biggs, 475 U.S. 335, 341, 106 S. Ct. 1092, 1096, 89 L. Ed. 2d 271 (1986). Dismissal of Johnson's federal claims on summary judgment was appropriate here.

We affirm summary judgment of the state law claims as well.[1] Under the facts in this case, read in Johnson's favor, the state law doctrine of official immunity defeats the common law claims of assault and battery. Johnson's claims arise from Officer Clark's decision to handcuff her. "Government employees are entitled to official immunity from suit arising from the performance of their (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority." City of Lancaster v. Chambers, 883 S.W.2d 650, 653 (Tex. 1994). The only question we take up is whether Officer Clark acted in good faith. That test, much like the test for qualified immunity under section 1983, is objective, rather than subjective, reasonableness. See id. at 656. To controvert the movants' summary judgment proof, Johnson must show that no reasonably prudent officer in Clark's position could have thought his or her conduct was justified. See id. at 657. We have already determined that Officer Clark's decision to arrest Johnson was reasonable. Handcuffing a detainee pursuant to a lawful arrest is also well-accepted police procedure. Officer Clark testified that he never yanked or forcefully pulled either arm, and that the handcuffs were only so tight as to prevent Johnson from removing them. He notes that

---

[1]The judgment purports that it is final over the entire cause of action, which necessarily includes the state law claims. When the district court fails to state the basis for a summary judgment, we will nonetheless affirm if any legally sufficient ground supports dismissal. See Jones v. Sheehan, Young & Culp, P.C., 82 F.3d 1334, 1337 (5th Cir. 1996).

Johnson resisted only momentarily with her right arm, and that she allowed him to cuff her left hand without incident. Johnson asserts to the contrary that her left shoulder emitted a "pop" during the process and that she told Officer Clark that he had hurt her left arm. These circumstances alone do not indicate that Officer Clark's conduct was objectively unreasonable or in bad faith under the Chambers standard. See id.

It is not clear that an officer's failure to follow sections 543.002 and 543.003 of the Texas Transportation Code provides a private right of action for money damages. At least one Texas case, involving a predecessor statute to the current version, supports the proposition that it does. See Hicks v. Matthews, 266 S.W.2d 846 (Tex. 1954). The predecessor statute has also been cited as support for a tort claim for false imprisonment. See, e.g., Roberts v. Bohac, 574 F.2d 1232 (5th Cir. 1978). The statute requires an officer to "immediately" bring an arrested person before a magistrate if the person refuses to sign a notice to appear. See Tex. Transp. Code Ann. §§ 543.002, 543.003 (Vernon's 1999). Once again, the test for determining compliance is "whether the conduct of the police was reasonable under the circumstances of the case." Roberts, 574 F.2d at 1233. "[T]he word 'immediately' is very generally held to mean with due diligence. The accused has the right to be presented without delay, but the question of what is delay must be determined by all the facts and circumstances. Necessarily some time must elapse between the arrest and the presentment before the magistrate." Hicks, 266 S.W.2d at 849. A citation for violation of a traffic law includes notice to appear. Officer Clark did not issue the citation until the booking process had begun because Johnson provided him no valid state identification. Thus, she had no opportunity until that time to sign or refuse to sign the notice to appear. We hold, however, that Officer Clark's decision to release Johnson with a citation after first confirming her identity during the booking process was reasonably diligent under the circumstances and did not violate the requirements of the Texas Transportation Code.

AFFIRMED.